The complaint alleged:
That previous to the commencement of this action, the plaintiff commenced an action against the defendant, David Lewis, for the recovery of real estate, and damages for withholding the same. Before answering the complaint in said action, the said defendant, and the defendant Robert M. Devane, executed under their hands and seals, and filed with the Clerk of the Superior Court of Bladen county, a bond whereby they bound themselves, their heirs, executors, administrators and assigns in the sum of five hundred dollars, to the plaintiff. The condition of which bond was such, that if the said David Lewis should pay and satisfy all cost and damages which might be awarded to the plaintiff in said action, and well and truly pay all judgments obtained against him in said action, the above obligation should be void, otherwise it should remain in force." *Page 108 
In that action the plaintiff obtained a judgment against the defendant, David Lewis, for three hundred dollars damages, and one hundred and thirty dollars cost. Execution issued on said judgment, and was returned unsatisfied. The plaintiff demanded judgment for five hundred dollars and cost.
The defendants denied the allegations in the complaint, and alleged:
That the plaintiff has a judgment of the Superior Court of Bladen county, against the defendant for this very cause of action, and that the same has been satisfied.
The plaintiffs by an instrument in writing and under seal, released the defendants from all claims for damages arising from the cause of action set out in the complaint, on condition of the peaceable surrender of certain lands, and the payment of certain rents, which terms have been strictly complied with and performed in every particular.
After his Honor had charged the jury and they had retired, he asked if there was any objection to the verdict being taken by the Clerk. The counsel for both parties assenting for the Clerk to take the verdict, his Honor, after directing the Clerk to keep the Court open and take the verdict, left the bench. During his absence, and a very short time before his return, the jury came in and returned a verdict in favor of the plaintiff, without saying anything as to the damages. This verdict was received and recorded by the deputy clerk.
Upon his Honor's return to the bench, he asked what the verdict was, and upon hearing it, directed the jury, who were still in Court, to again retire and return a verdict according to the instructions which they had received; which were "that if they found certain issues in favor of the defendants, to return a verdict in favor of the defendant, and say nothing more; but if they found these issues for the plaintiff, then to inquire into the damages, and return a verdict assessing the damages.
One of the jurors said to his Honor that, as he understood it, the jury had agreed on three hundred dollars damages, if any had to be assessed. *Page 109 
His Honor then directed the jury to go to their room and make up a verdict according to the instructions.
The counsel for the defendant was present, and his Honor asked how long the jury had been separated, and was informed that they had not been out more than five minutes.
He then asked if there was any suggestion that jurors had been spoken to about the case by interested parties or others? No suggestion of this kind was made.
The jury again came into Court and rendered a verdict in favor of the plaintiff, assessing damages at three hundred dollars.
The defendants thereupon moved for a new trial; the motion was overruled and judgment given for the plaintiff, and thereupon the defendants appealed.
1. The parties are not the same in this as in the former action, nor is the cause of action the same. The liability of the defendants, by the express provisions of the bond, was a contingent one, dependent upon the failure of the defendant, Lewis, to pay damages which should be assessed against him in the action for the recovery of the land. This action, therefore, was properly brought.
2. The objection to the regularity of the verdict is put to rest, adversely to the defendant by the decision of this Court in the case ofWilloughby v. Threadgill, 72 N.C. 438, and many other cases. Indeed, the case stated, does not show that any objection to the regularity of the verdict was made at the time in the Court below, nor does it show upon what points the appeal was taken. In this the case is defectively stated.
There is no error.
PER CURIAM. Judgment affirmed. *Page 110