In *Burnett* v. *Nicholson*, from Halifax :

After the opinion in this case was filed and reported, (see *ante*, 99,) the plaintiffs moved for judgment here against the parties to the undertaking on appeal for the costs, and also for the amount directed by the judgment, as affirmed, to be paid to them.

The motion was disposed of by Mr. Justice RUFFIN, as follows :

At fall term, 1880, of Halifax superior court, the plaintiffs had a judgment rendered in their behalf for the sum of $500 against the defendants of record, who appealed therefrom, giving an undertaking for the appeal with D. P. Moore and others as sureties.

In this court, the judgment was affirmed, and the plaintiffs now move for judgment against the parties to said undertaking, not only for the costs of appeal, but for the amount directed by said judgment as affirmed, to be paid to them.

This motion the defendants resist upon the ground that it was the intention of the parties who signed the undertaking, and those who took it, only to secure to the plaintiffs the costs of the appeal, and that the failure thus to limit their liability, in terms, was owing to a mistake or inadvertence of the gentleman who prepared the instrument for the signatures, though they submit to a judgment for the costs only.

In support of their allegations of such mistake, they file and were allowed to read a letter from the gentleman of the bar who prepared the instrument, and the affidavits of some of the parties themselves, all of which contain positive averments as to the intention of the parties, and the fact that there was a mistake on the part of the draughtsman.

The undertaking, as written, obliges the parties to pay to the appellees all such costs and damages as may be awarded against the appellants on such appeal, not exceeding fifty dollars, and also, in case said judgment or any part thereof shall be affirmed, to pay them the amount directed to be paid by the judgment as affirmed.

The plaintiffs deny that there was any mistake made in the instrument, or, if there was any, that they participated therein, or can be affected thereby.

The contention between the parties raises an issue of fact, which as a court we prefer not to try, and certainly not upon mere *ex parte* affidavits, but would rather submit to a jury, regarding that to be the most appropriate tribunal to determine disputed matters of fact.

Two courses are open to us— either to grant the plaintiffs' motion, and have the defendants to seek their remedy by

an independent action in the superior court, for the purpose of having the instrument reformed, and in the meantime for an injunction ; or else, to reserve our judgment for the present, and to cause proper issues to be prepared and sent down to the superior court to be tried by a jury. We deem the latter the most equitable course, and therefore direct the following issues to be sent down to the superior court of Halifax county, and submitted to a jury there, and their verdict thereon to be certified to this court :

1. Was there a mistake of fact made in executing the undertaking for the appeal heretofore taken in this case, in that, it was made contrary to the intention of the parties, to secure to the plaintiffs the amount of the judgment recovered, as well as the costs of the appeal ?

2. Was such mistake mutual to the parties plaintiff and defendant, or their agents ?

The plaintiffs will have judgment against the defendants of record for the amount of the judgment affirmed, and the costs; and against the sureties on the undertaking for the appeal, for the costs only.

PER CURIAM.                    Judgment accordingly.