L. J. WALKER v. H. B. WILLIAMS and wife.

*Appeal Bond—Surety—Party to Suit need not Sign.*

An undertaking that the appellant shall pay all costs that may be awarded against him on an appeal from a justice's court, and that if the judgment or any part thereof be affirmed, or the appeal dismissed, the appellant shall pay the amount directed to be paid by the judgment, is in compliance with the statute, and does not restrict the obligation to pay the judgment (if

---

affirmed) as rendered in the justice's court, but the signers are bound to pay such as may be rendered in the superior court against the appellant. It is not necessary, to bind the appellant party to the suit, that he should sign the undertaking.

MOTION heard at Spring Term, 1883, of MECKLENBURG Superior Court, before *MacRae, J.*

This was a motion for judgment and execution against the defendants upon an appeal bond. Motion allowed and defendants appealed.

*Messrs. Jones & Johnston,* for plaintiff.
*Mr. Platt D. Walker,* for defendants.

ASHE, J. The plaintiff, on January 1st, 1881, recovered judgment before a justice of the peace for the sum of ninety-nine dollars and some cents, including interest and costs, when the defendants appealed to the superior court and entered into an undertaking upon appeal with John W. Miller as surety, according to the requirements of Battle's Revisal, ch. 63, § 63, as amended by the act of 1879, ch. 68.

It appearing from the notice of appeal, filed with the justice, that the grounds of the appeal were that the contract, which was the subject matter of the action, was not made by the authority of S. E. Williams, the *feme* defendant, nor for her benefit, and that she was a married woman, having separate estate, the plaintiff's counsel entered a *nolle prosequi* as to her; and the defendants' counsel having stated that he had no objection to a judgment against H. B. Williams, a verdict and judgment were given against him; and thereupon the plaintiff's counsel moved for judgment against the said H. B. Williams and John W. Miller, his surety to the undertaking on appeal, and judgment was accordingly rendered for the sum of one hundred and twenty-one dollars and fifty cents, of which sum ninety dollars was principal, and costs of action; and that S. E. Williams go without day and recover her costs.

The defendant's counsel excepted to the judgment on the undertaking, on the ground the judgment was not in affirmance of the judgment rendered in the justice's court.

The undertaking was that the appellant shall pay all costs that may be awarded against him on such appeal, and that if the judgment or any part thereof be affirmed, or the appeal be dismissed, the said appellant shall pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, &c.

The undertaking was signed by only one of the defendants. It was not necessary that either of the defendants should sign the bond, as they were parties to the suit; but the appeal was taken by both the defendants, for the undertaking contains the recital, "Whereas, the said defendants do appeal," &c.

The form of the undertaking, we think, is a sufficient compliance with the provisions of the statute. The words used in Battle's Revisal, ch. 63, § 63, are, "if the judgment be rendered against the defendant." It is evident that the signers of the undertaking intended to bind themselves to pay such judgment as might be rendered in the superior court against the appellants, and the words used in the undertaking were not intended to restrict the obligation to pay the judgment only if it should be ultimately affirmed as rendered in the justice's court. Such a construction would be sticking in the bark.

"In the construction of instruments in general, if the meaning can be collected, the court will give effect to the intention of the parties; and words by which the intention of the parties can appear, are held sufficient, however incorrect and ungrammatically expressed, if the meaning be clear. Thus: where a note had the words, 'I promise not to pay,' the court held it to be a promissory note: where the condition of the bond was made void upon certain terms by the words of the condition, the court held they must be taken in the same sense as if the condition had been that the bond itself should be void." Potter's Dwarris on Statutes, 176.

Here, there can be no question that it was the intention of the signers of the undertaking to bind themselves to pay whatever judgment might be rendered in the superior court. " Those judges," said an eminent English judge, "are exceedingly commended, who are curious and almost subtle to invent reasons and means to make acts according to the just intent of the parties." This it has been our purpose to do in construing this undertaking, without making any particular claim to subtlety or astuteness.

There is no error. The judgment of the superior court must be affirmed.

No error.                                                 Affirmed.