J. M. McMINN v. P. F. PATTON.

*Bond — Correction of Written Undertaking — Undertaking an Appeal to stay Execution.*

1. In order to correct a written contract, it must be alleged and proved, that there was either a mutual mistake in regard to a material fact, or that there was a mistake on the one part, and some fraudulent act on the other, whereby he was misled.

2. In an action on a bond given to stay execution on an appeal from a justice's judgment, it is not necessary to allege that the plaintiff had sustained damage on account of the appeal.

3. Where the condition of the bond to stay such execution was, that if judgment be rendered against the appellant and execution thereon be returned unsatisfied in whole or in part, the sureties will pay the amount unsatisfied, together with all costs and damages; *Held*, sufficient under the statute.

4. Before the Act of 1879, ch. 68, (*The Code*, §884), a civil action, and not a summary proceeding in the cause, was the proper remedy against the sureties to an undertaking to stay execution on an appeal from the judgment of a justice of the peace.

(*Crowder* v. *Langdon*, 3 Ired. Eq., 476; *Capehart* v. *Mhoon*, 5 Jones' Eq., 178; *Wilson* v. *The Land Co.*, 77 N. C., 445; *Walker* v. *Williams*, 88 N. C., 7; *Robeson* v. *Lewis*, 73 N. C., 107; *Brown* v. *Brittain*, 84 N. C., 552, cited and approved. *Burnett* v. *Nicholson*, 86 N. C., 728, distinguished and approved).

Civil action begun before a justice of the peace and heard on appeal before *Shipp, Judge,* and a jury, at Fall Term, 1884, of Henderson Superior Court.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Mr. Armistead Jones,* for the plaintiff.
*Messrs. Battle & Mordecai,* for the defendant.

Merrimon, J.   On the 9th day of April, 1875, the plaintiff obtained a judgment, before a justice of the peace of the county of Henderson, against George W. McMinn for the sum of $200, with interest on that sum from that date.   From that judgment, the defendant therein appealed to the Superior Court of that county, and desiring to stay the execution of the judgment, he executed a bond for the sum of $200, dated the 10th day of April, 1875, payable to the plaintiff; the present defendant signing the same as surety thereto.   The condition of this bond recited the judgment and the appeal, and provided that if the appellant therein mentioned should "*abide the decision or order of the said court,* and pay all costs and damages that may be sustained in said action, then this obligation to be void, otherwise to remain in full force of law."   The justice of the peace endorsed his approval upon this bond.

In the Superior Court, at the Fall Term, 1875, thereof, the plaintiff obtained judgment against the said George W. McMinn for $200, with interest thereon from the 9th day of April, 1875, and for costs.   Thereafter, on the 21st day of February, 1876, an execution was duly issued upon this judgment, directed to the sheriff of that county, and the same was returned into court unsatisfied, because the defendant therein had not property out of which to levy the money in it specified.

Afterwards, the plaintiff brought his action, upon the bond to stay the execution above mentioned, against the present defendant, before a justice of the peace of said county, and obtained judg-

ment for the sum of $200, with interest on that sum from the 3d day of June, 1876, and for costs, and the defendant therein appealed to the Superior Court.

On the trial in that court, the defendant offered evidence to show that at the time he signed the bond, he inquired of the justice of the peace who took it, what was its legal purport and effect, and to what extent he would be liable upon it, and that he was informed in reply, that it was only to secure costs, and that he would not, in any event, be bound for more than $20, and that he signed it upon the assurance from the justice of the peace, that he could only be bound for the costs of the appeal; that he signed without reading it, relying upon what was told him, and that the principal in the bond was insolvent at, before and after the time he signed it.

The defendant moved to dismiss the action upon the ground that the complaint did not state a cause of action, in that it failed to aver that the plaintiff sustained damage by reason of the appeal.

He further insisted, that the bond was not an appeal bond within the statute applying in such cases; that it was, at most, but a common law bond and, according to its terms and legal effect, he was only liable for such damages as the plaintiff might be able to show that he had sustained by reason of the appeal.

He further contended, that the action must be dismissed upon the ground that if the plaintiff had any remedy, it must be sought in the action in which the bond was given. The court refused to sustain the several points of objection thus raised by the defendant, and he excepted. The jury rendered a verdict for the plaintiff; there was judgment in his favor, and the defendant appealed to this court.

We think that the court was warranted in overruling all the objections raised by the defendant to the plaintiff's right to recover.

1. It was not alleged that the plaintiff, by any fraudulent means, or, indeed, in any way, induced the defendant to sign the

bond sued upon. Nor was it alleged that it was executed by the mutual mistake of the plaintiff and defendant. If the latter chose to ask and take the advice of the justice of the peace, and was misled by it, and failed to read the bond before he signed it, this was not the fault of the plaintiff, and he ought not to suffer on that account. It was the misfortune of the defendant to be ill-advised. His mistake as to the legal effect of his act, cannot deprive the plaintiff of his right; he is presumed to have known it, and in cases like this, must be bound by it. *Ignorantia juris non excusat.*

This case is not like, but very different from that of *Burnett* v. *Nicholson*, 86 N. C., 728, relied upon by defendant's counsel in the argument. In that case, the plaintiff in this Court moved for judgment against the surety to the undertaking given for the stay of the execution of the judgment pending the appeal. The defendant resisted the motion, " upon the ground that it was the intention of the *parties who signed the undertaking* and *those* who *took it,* only to secure to the plaintiff the costs of the appeal, and the failure thus to limit their liability, in terms, was owing to a mistake or inadvertence of the gentleman who prepared the instrument for the signatures."

Affidavits were offered in that case tending to show the mutual mistake of the parties as to the *purpose* of the undertaking, and that there was a mistake on the part of the draughtsman. It was contended that the plaintiff was a party to the mistake as well as the defendant, and the latter sought, in a summary way, to obtain equitable relief because of mutual mistake.

In this case, as we have said, it was not alleged or hinted that the *plaintiff* misled the defendant, or mistook the nature and purpose of the bond; the defendant was badly advised by some person, whose advice he sought and acted upon, and that was all.

In a case like this, in order to entitle the defendant to equitable relief, he must allege and prove a mistake of material facts on his part, and that of the plaintiff as well, or mistake on his part, and some fraudulent practice or act on the part of the

plaintiff, whereby he was misled.  *Crowder* v. *Langdon*, 3 Ired. Eq., 476; *Capehart* v. *Mhoon*, 5 Jones Eq., 178; *Wilson* v. *Land Co.*, 77 N. C., 445.

2. It was not necessary to allege in the complaint, that the plaintiff had sustained damage by reason of the appeal, because the bond required to stay the execution of the judgment was not given or required for the purpose of indemnifying the plaintiff simply against damage resulting from the appeal, but for the purpose of having the surety to the bond pay the judgment and costs that might be recovered in the appellate court against the appellant if he failed to pay the same, or such part as he should fail to pay.  The statute in force at the time the bond was given, (*Bat. Rev.*, ch. 63, §63), required, that such bond should be "to the effect that if the judgment be rendered against the appellant, and execution thereon be returned unsatisfied in whole or in part, the sureties will *pay the amount* unsatisfied, together with all costs awarded against the appellant."  This statute has been changed, but not in a respect affecting the bond in this case. (*The Code*, §884).  It is never necessary, indeed, it is improper, to put immaterial allegations in the complaint.

3. The bond sued upon is substantially such a one as was required by the statute.  (*Bat. Rev.*, ch. 63, §§61, 62, 63; *The Code*, §§882, 883, 884).  Obviously it was given for the purpose of staying the execution of the payment, and it must be interpreted in the light of such purpose.  The body of it is regular and formal.  The condition, however, is informal, in that it does not provide in terms, "that if the judgment be rendered against the appellant and execution thereon be returned unsatisfied, in whole or in part, the sureties will pay the amount unsatisfied, together with all costs awarded against the appellant."  Upon principle, a literal compliance with this provision would not be necessary— a substantial compliance would be sufficient, but the statute itself provides that the condition shall be to that "effect."  The terms of the condition are, that if the appellant shall "*abide the decision or order of said court*, and pay all costs and damages that

may be sustained in said action," &c. How "abide the decision or order of said court?" Plainly, by complying with its requirements of him, the main one being that he should pay the sum of money specified in it to the plaintiff. "To abide by a judgment" implies, not simply to submit passively to it, but as well to comply with its terms and requirements. The meaning of the parties to the bond in question, in view of its purpose, is manifest. *Walker* v. *Williams*, 88 N. C., 7.

4. It was certainly competent to bring an action upon a bond like this at the time this action was brought. Indeed, it seems to have been deemed necessary to do so; it was questioned whether a summary judgment might be granted against the surety to a bond like this, in the action in which it was given. *Robeson* v. *Lewis*, 73 N. C., 107 ; *Brown* v. *Brittain*, 84 N. C., 552. The statute (Acts 1879, ch. 68 ; *The Code*, §884) now provides that judgment may be given against the surety in the action in which the bond to stay the execution of the judgment was given, and this has been construed to be an additional remedy.

No error. Affirmed.