J. C. MEEKINS, SR., v. ABRAM NEWBERRY.

*Contract—Parol Evidence.*

When the parties to a contract reduce their agreement to writing, and it can be seen therefrom that it has such definiteness as to comprehend the subject matter, in the absence of an allegation of fraud or mutual mistake, parol evidence will not be admitted to contradict, add to or explain it.

This is a CIVIL ACTION, which was tried before *Connor, J.,* at Spring Term, 1888, of TYRRELL Superior Court, brought to recover damages occasioned by the alleged failure of the defendant to keep and perform his contract with the plaintiff, set forth in the complaint.

The following is a copy of so much of the case settled on appeal for this Court as need be reported here:

The plaintiff introduced in evidence the following paper writing:

"Received of J. C. Meekins, Sr., three dollars, in part payment for 1,300 juniper mill logs, 900 of which is now on the bank and in the water at Lewis Island, and balance (400) in my swamp near by, on sound shore. Now I agree to raft said logs properly for towing by steamer, and when said Meekins sends a steamer, or other vessel, to tow them I am to take the captain's receipt for such number as may be delivered to him from time to time, and when said 1,300 logs are thus delivered to said vessel said Meekins is to pay the undersigned $500, deducting the amount as above advanced, and such other advances as he may make from time to time as said logs may be towed.        ABRAM NEWBERRY.

The execution of this paper was admitted by the defendant.

101—2

The plaintiff introduced evidence tending to show that he had fully complied with his part of the contract, and that the defendant had failed to deliver the logs. He also introduced evidence tending to show his damage, and thereupon rested his case.

The defendant proposed to show by parol evidence that, in addition to the contract set out, there was made at the same time, and before the signing thereof, a contract, by the terms of which the plaintiff was to furnish to him the necessary rafting gear for properly rafting said logs; that plaintiff failed to furnish the rafting gear, and that on account of such failure the logs were not delivered. The plaintiff objected to the testimony, for that it tended to vary the terms of the written agreement. The Court overruled the objections and the plaintiff excepted.

The Court instructed the jury, that if upon the whole evidence they should find that the plaintiff agreed to furnish rafting gear, as alleged by the defendant, and failed to do so, they should find the first issue for the defendant. To this the plaintiff excepted."

The jury rendered a verdict in favor of the defendant, and the Court thereupon gave judgment in his favor, from which the plaintiff appealed.

*Mr. E. F. Aydlett,* for the plaintiff.
*Mr. W. D. Pruden,* for the defendant.

MERRIMON, J., (after stating the case.) It is a settled rule of law that when the parties to a contract reduce the same to writing, in the absence of fraud or mutual mistake properly alleged, parol evidence cannot be received to contradict, add to, modify or explain it. It must be treated and interpreted as it appears by the writing. This is so because the parties agree that the writing shall be evidence—the surer and better evidence of it. If, however, the writing does not

by its terms or nature embrace the whole agreement, but only a certain part or parts of it, then parol evidence will be received to prove such distinct parts thereof as are not embraced by the writing. But if particular parts or branches of it are reduced to writing, it must be taken that the parties put in writing all they intended in such respect, unless it appears otherwise in the writing 'or by just implication from it.

If this were not so the writing, as evidence, might easily be evaded and rendered nugatory. 1 Grenlf. Ev., 76; *Twidy* v. *Saunderson*, 9 Ired., 5; *Manning* v. *Jones*, Busb., 368; *Kerckner* v. *McRae*, 80 N. C., 219; *Braswell* v. *Pope*, 82 N. C., 57; *Ray* v. *Blackwell*, 94 N. C., 10; *Nicholson* v. *Reves*, Id. 559; *Parker* v. *Morrell*, 98 N. C., 232.

The paper writing, put in evidence on the trial to prove the contract alleged in the complaint, purports by its terms and the nature of the things agreed to be done, to embrace the whole agreement of the parties.

It implies completeness; the terms are not exceptive, nor do they express condition or suggest by their nature or application that some part of the contract mentioned is omitted—on the contrary they are comprehensive and absolute—express what the parties agreed to do without qualification or condition. Particularly the defendant agreed by the writing, "to raft said logs properly for towing by steamer," &c. This is a positive stipulation in respect to a constituent material part of the agreement; it is complete in itself; plainly implies that the defendant would "raft said logs"—not upon condition, not when and if the plaintiff should do some precedent act, not when and if he should supply the "necessary rafting gear"—but that he would "raft said logs," doing in that connection whatever might be necessary and incident to such service. This is the plain import of the terms used in the absence of qualifying words or some word or words suggesting at least that some part of the contract,

or something in that connection, had been omitted from the writing. So that the defendant cannot be allowed to prove by parol that the plaintiff agreed, as part of his contract, to "furnish to him (the defendant) the necessary rafting gear for properly rafting said logs." This would be to modify— substantially change the agreement of the parties in a respect as to which they reduced it to writing.

It cannot be said that the writing contained only what was agreed to be done by the defendant. The plaintiff, on his part, agreed to send "a steamer or other vessel to tow them"—the logs—and when they were "thus delivered to said vessel," he was to pay the defendant the stipulated price. It was not necessary that he should sign the writing— by accepting and recognizing it he became bound by it as his agreement in writing. As illustrating further the rule of evidence here applied, if the defendant had delivered the logs as he agreed to do, and had brought his action to recover the price the plaintiff agreed to pay, the latter could not be allowed to prove on the trial by parol evidence that by the agreement he was to pay the money *twelve months* after such delivery, because, by the writing, he agreed to pay the same at once on the delivery.

We are, therefore, of opinion that the Court improperly admitted the evidence objected to. The plaintiff is entitled to a new trial, and we so adjudge.

Error.