THE MERCHANTS and FARMERS NATIONAL BANK v. J. H. McELWEE and MARY V. McELWEE, EXECUTRIX of MARY M. ALEXANDER.

*Amendment of Pleading—Contract, Evidence—Purchase Money of Land.*

1. The refusal to allow an amendment in the Court below is not assignable for error.

2. In the absence of fraud, or mutual mistake, *properly alleged,* parol evidence is not admissible to "contradict, add to, modify or explain" a written contract.

3. Where only a part of a contract, *not required by law to be written,* is in writing, parol evidence is admissible to prove the *unwritten* part.

4. Proof that certain notes, which recited that they were executed for the purchase money of land, were partly for some other consideration, would "contradict, add to or modify" the written contract, and, in the absence of an allegation of fraud, or mutual mistake, is not admissible.

This was a CIVIL ACTION, tried before *Brown, J.,* at May Term, 1889, of IREDELL Superior Court.

The complaint is upon an executory contract (a copy of which is annexed to the complaint) for the purchase of land, wherein Mary M. Alexander, the testatrix of the defendant Mary V. McElwee, contracted to pay a specified sum for

104—20

said land and executed notes therefor. The plaintiff asks judgment for balance due on said notes, and a sale of the land, if payment is not made by a day to be fixed by the Court. The answer admits the written contract set up, but avers that defendants are informed and believe that the notes referred to in the contract and sued on, were not given for the purchase money of the land only, but by an agreement, made at time of signing, said contract embraced a certain judgment in the United States Court held by plaintiff against one Carlton and the defendant J. H. McElwee, which plaintiff agreed to assign to defendant's testator; that the plaintiff afterwards receipted and cancelled said judgment, and defendants ask to have the amount of such judgment credited upon the notes sued on. There is no allegation in the answer that this contemporaneous agreement was omitted from the written contract by fraud, accident, or mutual mistake.

There are other allegations in the complaint and answer, but they have no bearing upon the question raised by the appeal.

After both parties announced their readiness for trial, and after the pleadings in the cause had been read, the defendants moved the Court to be permitted to amend their answer, by inserting therein an allegation "that the judgment was omitted from the contract sued on by mistake and inadvertence:"

The Court declined to allow such amendment.

The defendants then tendered the following issues:

1. At the time of the execution of the contract appended to plaintiff's complaint, was it agreed between Mary M. Alexander and the plaintiff that the judgment on McElwee & Carlton was to be assigned to her?

2. Was any reference to said judgment left out of the contract by the inadvertence or mistake of the parties?

3. What was the amount of said judgment of which satisfaction was so entered?

4. What amount did the plaintiff receive, or should have received, from the notes of D. H. Bell, deposited as collateral security?

The Court submitted issue No. 4 tendered by the defendant, and declined to submit issues numbered 1, 2 and 3, because the answer failed to allege that the said judgment was omitted from the contract sued on through mistake, inadvertence, or fraud of the parties.

The defendants excepted.

There was a verdict and judgment thereon for plaintiff, from which defendants appealed.

*Messrs. W. M. Robbins* and *Geo. E. Wilson,* for the plaintiff.
*Mr. W. D. Turner,* for the defendants.

CLARK, J.—after stating the facts: The refusal of the motion to amend rested in the sound discretion of the Court and is not reviewable. *Henry* v. *Cannon,* 86 N. C., 24, and numerous cases there cited. Indeed, it seems that the defendants made no exception thereto at the time, and it is waived. *The Code,* § 412 (2); *State* v. *Gee,* 92 N. C., 756. The only error assigned is the refusal to submit the issues tendered by the defendants relative to the alleged agreement by plaintiff to assign the Carlton & McElwee judgment as part consideration of the notes. The contract purports to embrace the whole agreement of the parties. In one of the latest cases on this subject (*Meekins* v. *Newberry,* 101 N. C., 17), the present Chief Justice says: "It is a settled rule of the law that when the parties to a contract reduce the same to writing, in the absence of fraud, or mutual mistake, *properly alleged,* parol evidence cannot be received to contradict, add to, modify or explain it."

In cases where the law does not require the contract to be in writing, if only a part of the contract is reduced to writing it is competent to prove the unwritten part by parol. But that principle has no application here. The contract contains an agreement by defendants' testator to pay the sum named "for the property," and recites and describes the notes as executed for such purchase money. Proof that they were given in part only for the purchase money of the land, would "contradict, add to, or modify," the written agreement of the parties. In the absence of an allegation in the answer, that the consideration of the note was incorrectly recited, or a part of it omitted, by fraud, accident, or mutual mistake, such proof was inadmissible. *Etheridge* v. *Palin,* 72 N. C., 213; *McMinn* v. *Patton,* 92 N. C., 371; *Ray* v. *Blackwell,* 94 N. C., 10; *Cadell* v. *Allen,* 99 N. C., 542.

It was no error, therefore, to refuse to submit issues upon an equitable defence not properly set up in the answer. *Parker* v. *Morrill,* 98 N. C., 232; *Moffitt* v. *Maness,* 102 N. C., 457.

Affirmed.