A. B. WHITE v. THE RICHMOND AND DANVILLE RAILROAD COMPANY.

*Damages for Injury— Contract — Consideration—Release.*

In an action against a railroad company for failure to comply with its contract (made in compensation for injuries received) in not paying plaintiff for services rendered under such contract, it appeared that plaintiff executed a release for a sufficient consideration covenanting not to sue, and discharging defendant from all further liability : *Held*, to be a sufficient bar to an action for a balance unpaid for services rendered under said contract since the injury was received.

This was a CIVIL ACTION, tried at February Term, 1891, of GUILFORD Superior Court, *Boykin, J.*, presiding.

The plaintiff alleges, in substance, that while he was properly engaged as servant and conductor of the defendant, he sustained serious injuries, and was greatly endamaged by its neglect; that it admitted such neglect, and agreed to pay him in discharge of its liabilities to him in such respect, "$6,000 in money, and retain him in the service of the company in some position or place not requiring much bodily activity, and one adapted to plaintiff in his condition, as it should turn out to be, during his life, at the sum of seventy dollars per month, the same that he was getting at the time of the injury done, payment to be made at the rate aforesaid, from the 16th of October, 1885, whether he worked or not, and no labor to be required except when able"; that the defendant paid him the said sum of $6,000, and he continued in its service until it became indebted to him in about the sum of $3,430; that of this sum it paid him, from time to time, $1,748; that it refuses to pay him the balance so due him, and has discharged him from its service, etc. He demands judgment for this balance, and general relief, etc.

The defendant admits that it agreed to pay the plaintiff $6,000, and alleges that it paid the same to him, but it denies that it owes him anything, or that it agreed to retain him in its service at the price of seventy dollars per month for the term of his life, or at all. It further alleges that the plaintiff executed to it his release, acquittance and discharge of liability to him on account of his said injuries, whereof the following is a copy:

"$6,000.

Know all men by these presents, that I, A. B. White, of the city of Greensboro, N. C., for and in consideration of the sum of six thousand dollars to me in hand paid, the receipt whereof is hereby acknowledged, do hereby release the Richmond and Danville Railroad Company and the North Carolina Railroad Company, its lessor, from all claims upon them for damages received by me by a collision which occurred near the Yadkin river, about the 19th of August, 1884, and covenant with them that I will not sue them, or either of them, for damages received in said collision.

That by this instrument I hereby release said companies from any further liability or care of me on account of said accident.

Witness my hand and seal, this 26th day of October, 1885.

A B WHITE. [Seal.]

Witness, R. L. VERNON."

The plaintiff made reply to the answer, among other things, as follows:

"And the plaintiff showeth, that on the 24th day of October, 1885, when the instrument pleaded as a bar was executed, the six thousand dollars was paid and the paper writing set up as a release was given to have, and intended to have, and had only the operation in law to bar the action as to the money consideration, leaving the cause of action now sued

on a distinct cause of action, not within said money consideration and unaffected by said paper-writing."

As a further reply to the defence of release set up in the defendant's sixth paragraph of its answer, the plaintiff showeth—

"1. That the defendant by its agent agreed with the plaintiff on an adjustment of the injury sustained by the plaintiff from the collision by and through the negligence of the defendant by the payment of six thousand dollars for the plaintiff's bodily injury, and the retention of the plaintiff in defendant's service for life at the same wages he was receiving before the injury was sustained, to-wit, seventy dollars per month; and when said paper, which is now pleaded as a release, was executed it was understood to cover and discharge from the money consideration only, and was then and there expressly mentioned and agreed as having nothing to do with the contract of lifetime employment aforesaid; and the plaintiff showeth that the said paper pleaded in bar not only was so understood as not interfering with the distinct contract of retention of plaintiff in the service of the company as aforesaid, but in point of fact and in law it had not such interference as plaintiff alleges; but if it be construed to the contrary, then plaintiff insists that said release be set aside and held inoperative *pro tanto* the present action and the plaintiff allowed to recover, notwithstanding said paper-writing; the same was given on the understanding and agreement that the same was not to extend to and did not extend to the distinct contract of life employment aforesaid, and if of meaning in law to the contrary, it was so expressed unintentionally and by mistake."

The following issues were submitted to the jury:

1. "Was it a part of the agreement between plaintiff and defendant that defendant would retain plaintiff in its service for life at $70 per month?

2. Was said part of the agreement intended to be covered and effected by the deed of release pleaded by the defendant?

3. What damages has plaintiff sustained by defendant's failure to keep and perform said contract of continued employment?"

After the evidence had all been received and the argument of counsel begun, "the Judge presiding stopped the counsel and intimated that the paper pleaded as a release did include and bar the plaintiff's present action, and further intimated that, under the pleadings, the evidence adduced for the correction and reformation of the release was not sufficient to authorize the submission of the second issue to the jury. And thereupon he directed the jury to find all the issues in favor the defendant.

" And, in accordance with the verdict, the Court adjudged that the plaintiff take nothing by his said action, and that the defendant recover its costs, to be taxed by the Clerk."

The plaintiff assigned error as follows, and appealed to this Court:

1. " In that the Court, as a question of law, in the course of the trial, after all the evidence was in, ruled that the release pleaded by the defendant was a release of the present cause of action, and barred the action therefor.

2. In that upon the face of the paper pleaded as a release, to say the least of it, its extent and scope was equivocal, and the jury should have been allowed to pass on the question whether the cause of action sued on was designed and intended to be affected by the release.

3. In that upon the evidence adduced the release was in part execution of a contract of adjustment previously made, with which both parties meant to abide by and perform, and it was error to take the case from the jury and not allow them to respond to the second issue. Motion for new trial overruled."

*Mr. L. M. Scott*, for plaintiff.
*Messrs. D. Schenck* and *F. H. Busbee*, for defendant.

MERRIMON, C. J.: The very broad and comprehensive purpose of the release of the plaintiff relied upon by the defendant, as this appears from its face, is too manifest to admit of any serious question. The release recites in plain, explicit terms that in consideration of six thousand dollars (no other consideration is expressed or suggested by implication) paid to the plaintiff, he releases the defendant and "its lessor from *all claims* upon them for damages received by the plaintiff at the place and time specified," and he covenants that he "will not sue them, or either of them, for damages received in said collision." Cautiously, and on purpose, it seems, he further covenants that he releases the defendant "from any further liability *or care* of me (himself) on account of said accident." The purpose to discharge the defendant from all liability, and the consideration paid for the release, could scarcely be more clearly expressed.

It is insisted, however, that the plaintiff does not sue to recover damages for the injuries he sustained, but the unpaid compensation due to him which the defendant promised and agreed to pay him as part, and a substantial part, of the consideration of the release. This claim cannot be sustained, because the contract whereby the plaintiff was to receive from the defendant compensation for his injuries sustained, and by which he was to release and acquit the defendant on account of the same, purports to be wholly embraced in the acquittance relied upon by the defendant. It recites and declares that the consideration of such release was six thousand dollars. It is not said or intimated that this was not the whole consideration. Indeed, to cut off any possible inference or contention to the contrary, the plaintiff expressly covenants therein that he thereby releases "said company from any further liability or care of me (himself) on account of said accident."

It would be singular, indeed, not to mention so unusual and important a part of the consideration as that which the plaintiff contends was omitted by mere mistake. In the nature of the matter, it was appropriate and orderly to specify the whole consideration. The language employed was appropriate and apt for that purpose, and in the absence of any provision or implication in the release to the contrary, it must be taken that it does. It, by its terms and effect, concludes the plaintiff, and he cannot be allowed to allege that there was other and further consideration for it than therein expressed. The parties made it written evidence of their settlement and they must abide by it, unless, in some appropriate way and for sufficient cause, it shall be made to appear that it does not express truly the contract of settlement it purports to embody, and be evidence of, as expressed therein.

The plaintiff alleges that the release " was given on the understanding and agreement that the same was not to extend to, and did not extend to, the distinct contract of life employment aforesaid, and if of meaning in law to the contrary, it was so expressed unintentionally and by mistake." He does not allege mutual mistake of the parties to it, nor does he allege facts and circumstances that give rise to the presumption that its execution was induced by some undue influence, misapprehension, imposition, mental imbecility, surprise, confidence abused, or fraud of the defendant, or the like. He simply alleges that it was executed by mistake. It is clear that the mere mistake of one party to a contract will not entitle him to relief. He must allege and prove his mistake, and, in that connection, surprise, undue influence, misapprehension, imposition, fraud, or the like cause, which gave rise to and occasioned such mistake. *Crowder* v. *Langdon,* 3 Ired. Eq., 476; *Briant* v. *Corpening,* Phil. Eq., 325; *Day* v. *Day,* 84 N. C., 408; *McMinn* v. *Patton,* 92 N. C., 371; *Sandlin* v. *Ward,* 94 N. C., 490; *Kornegay* v. *Everett,* 99 N. C , 34; *Moffitt* v. *Maness,* 102 N. C., 457; *Hard-*

*ing* v. *Long*, 103 N. C., 1; *Bean* v. *Railroad*, 107 N. C., 731; Smith's M. Eq., 45.

The plaintiff insists that there is error in that the Court declined to submit the evidence of mistake to the jury. We do not think so, because there was the simple allegation of mistake, and the absence of allegation that it was occasioned by surprise, misapprehension, fraud, or the like. The evidence of the plaintiff alone tended to prove no more than mistake—not facts that entitled him to have the release corrected if there had been sufficient allegations in the pleadings on his part. There was neither allegation nor evidence that could have entitled him to the relief demanded. The Court was, therefore, warranted in its refusal to treat the evidence as sufficient, in any view of it, to go to the jury.

Affirmed.