JEFFREYS v. THE SOUTHERN RAILWAY COMPANY.

(December 19, 1900.)

*Carriers—Negligence—Personal Injuries—Release—Railroads.*

An instrument, releasing a railroad company from liability by reason of an injury sustained by a person, containing the following provision: "It being hereby expressly declared to be the intention of this instrument to forever release the said Southern Railway Company and the North Carolina Railroad Company from any and all other claims, demands, or rights of action of every nature, originating prior to this date, because of any like cause or causes of complaint;" does not release the railroad company rrom liability by reason of any injury to the person, except that expressly stated in the release.

FAIRCLOTH, C. J., and FURCHES, J., dissenting.

CIVIL ACTION by S. B. Jeffreys against the Southern Railway Company, heard by Judge *Frederick Moore* and a jury, at June Term, 1900, of GUILFORD Superior Court. From judgment for defendant, the plaintiff appealed.

*J. T. Morehead,* for the plaintiff.
*King & Kimball,* for the defendant.

DOUGLAS, J. As this case depends entirely upon the construction of a written instrument, it seems proper to set out the entire instrument. We have placed in parentheses the only section that can by any possibility afford a basis for the contention of the defendant, and have italicized some important words. The alleged release is as follows:

"Southern Railway Company. To S. B. Jeffreys, Dr. Address, Greensboro, N. C. Payable to S. B. Jeffreys. Address, Greensboro, N. C. Know all men by these presents,

that, for, and in consideration of the sum of forty dollars, to me paid by the Southern Railway Company, the receipt whereof is hereby acknowledged, I, the undersigned, S. B. Jeffreys, do hereby release and forever discharge the said Southern Railway Company and the North Carolina Railroad Company from any claim, demand, or liability for payment of any further or other sum or sums of money for and on account or growing out of the following mentioned matter and claim, viz:

| 1897. | | |
|---|---|---|
| Oct. 30. | For all damages and claims for damages *for injuries received on the night of October 30th, 1897, caused by stepping in a hole in platform on south side of old freight depot, Greensboro, N. C* | $40.00 |
| | This is in full and final settlement of all claims of any nature whatever arising from *above-mentioned accident.* | |

"And in consideration of the payment of said sum of $40 to the above-named payee, evidenced by my signature to the receipt hereto below annexed, I, S. B. Jeffreys, do hereby promise and agree that said payment and receipts shall and will operate as a full and complete release, discharge, and satisfaction of any, every, and all cause or causes of action, claims, and demands against the said Southern Railway Company or the North Carolina Railroad Company, arising or growing out of the cause or matter *above set forth,* and also as a perpetual bar to any warrant, suit, or other process or proceeding for the collection or legal enforcement thereof, or to any claim or demand for damages under and by reason of the provisions of any statutory enactment whatsoever, or at common law, or otherwise, for the results or in consequence of *the said personal injury* to me, the said S. B. Jeffreys, which may have been or may be asserted or instituted. And this agreement shall further operate and be in full discharge, satisfaction, compromise, settlement, and bar of any claim, demand, warrant, remedy, suit, or proceeding

which may have been instituted by me and be pending before any court or tribunal against said companies, or either of them, or of any judgment, order, or decree which may heretofore have been entered or obtained in my favor against said companies, or either of them, for any sum arising or growing out of the claim or demand *set forth above.* (It being hereby expressly declared to be the intention of this instrument to forever release the said Southern Railway Company and the North Carolina Railroad Company from any and all *other* claims, demands, or rights of action of every nature, originating prior to this date, because of any *like* cause or causes of complaint.) And it being hereby expressly understood and agreed that neither of the above-companies is under any obligation or requirement to take or retain me in its employment or service in any position or capacity whatever. Given under my hand and seal this 9th day of December, 1897. S. B. Jeffreys. [Seal.] Witness: W. A. Wingate. Witness: Robert Chrismon.

"Certified to as correct. Jas. D. Gleen, Law Agent. N. J. O'Brien, Superintendent. Chas. Price, Div. Counsel.

"Approved. W. A. Henderson, Asst. General Counsel.

"Examined and entered. H. I. Bettis, Auditor of Disbursements. A. D. M.

"Audited. F. W. Crump, Asst. Auditor M. C. M.

"Approved for payment. S. Gannon, Third Vice-President.

"Received, December 30, 1897, of the Southern Railway Company, forty dollars, in full for above account. $40. S. B. Jeffreys. Witness: W. E. Coffin, Agent."

It will be seen that the clause relied upon by the defendant does not pretend to be in itself a release of anything, but simply undertakes to construe the foregoing clauses in a manner directly contrary to their letter and spirit. It says that a release which by its express terms, is confined to "injuries

received on the night of October 30, 1897, caused by stepping in a hole in platform on south side of old freight depot, Greensboro, N. C.," shall be taken as intending to cover all other injuries arising from any like cause of complaint. It further construes "any like cause of complaint" as meaning any kind of personal injury. If it so intended, why did it not say so in plain words, and simply say: "In consideration of the payment to him of forty dollars in money, S. B. Jeffreys hereby releases the Southern Railway Company from all claims whatsoever for damages for personal injuries of any nature received by him at any time heretofore through the negligence of the said railway company or any of its employes." Such a release would have required fewer words and less trouble, and would have been less liable to misconstruction. It is evident that this release was not written by the plaintiff. It bears on its face unmistakable evidence of its origin. It was probably a printed form prepared with great care by the defendant for the purpose of meeting all possible contingencies, foreseen and unforeseen. As it clearly appears that no other part of the paper even pretends to release any claim for injuries received by the plaintiff on March 8, 1897, it follows that the clause in question is a separate and independent release, if a release at all; that is, if it releases anything, it must release a separate and independent cause of action, not alluded to in any other part of the contract. It is, therefore, if viewed as an additional release, wholly without consideration, as the contract distinctly states that the $40, the only consideration therein mentioned, was paid on account of the injuries received on October 30, 1897. Being, at best, equivocal in terms, and utterly without consideration, should it be upheld as construed by the defendant? We think not. Suppose that A should agree to sell to B two acres of land for the sum of $40, and that B should afterwards induce A to execute a deed

conveying the two acres by metes and bounds, but containing a clause, inserted down among the covenants of warranty, that this deed was intended to convey all lands owned by the grantor in the State of North Carolina; would this Court hold that the deed conveyed 1,000 acres of land owned by the grantor in another county? The receipt of the plaintiff at the bottom of the contract expressly states that the $40 is "in full of above account;" the only account stated being that for injuries received on October 30, 1897. We are clearly of the opinion that the legal effect of the instrument is to release only the cause of action therein specifically set forth, and there are facts tending to prove *aliunde,* if such were necessary or competent, that this was the original understanding of both parties. It was clearly the understanding of the plaintiff, and this seems to have been, also, the original understanding of the defendant, because, after taking two months for preparation, it files its verified answer on August 20, 1898, simply denying the allegations of the complaint and pleading contributory negligence. This answer contained no allusion whatsoever to any release or pretended release, although the contract in question was at that time in its possession. No allegation of any such release was ever made by the defendant until its amended answer of December 23, 1899—more than a year and four months after the filing of its original answer. The action had then been at issue over sixteen months, and all new matters, both in the original and amended answers, were deemed controverted by the plaintiff, under sec. 268 of The Code. As there was nothing in the nature of a counter-claim, any reply would have been superfluous. The plaintiff is deemed to have denied the making of any such release, and he offered to prove by competent testimony that "at the time he signed the paper he was told by defendant that the same applied only to an injury suffered by plaintiff by falling through a platform of

defendant [a different injury from the one complained of in this action.]" For the purposes of this appeal, this evidence must be taken to be true; and, if true, we are forced to one of two conclusions: (1) That the paper does not amount to a release of the present cause of action; or (2) that such release was inserted by mutual mistake. It is not necessary for a determination of this appeal to consider the second conclusion, since we think that the contract itself, on its face, does not amount to a release of the present cause of action. Therefore, there was error in non-suiting the plaintiff in the court below, and a new trial must be ordered.

New trial.

FAIRCLOTH, C. J. (dissenting). The plaintiff claims damages for personal injuries on defendant's cars on March 8, 1897. It appears in the record and the argument of counsel that plaintiff was injured by stepping in a hole in defendant's platform on October 30, 1897. On December 9, 1897, the plaintiff, for a valuable consideration, in writing specifically released and discharged the defendant from any further claim or demand arising out of the injury received on October 30, 1897, and further recited in said release and discharge as follows: "It being hereby expressly declared to be the intention of this instrument to forever release said Southern Railway Company and the North Carolina Railroad Company from any and all other claims, demands, or rights of action, of every nature, originating prior to this date, because of any like cause or causes of complaint." This release must embrace causes of every nature prior to its date. It does not necessarily mean identical, especially as there is no suggestion of any identical cause of action prior to the settlement. The issue was whether the alleged wrong had been settled or adjusted by payment, as alleged in the answer. The plaintiff proposed to prove by himself that when he

signed the said paper he was told by defendant that the same applied only to his injury by falling through the hole in defendant's platform. This proposed evidence was not admitted, and the plaintiff appealed. The question, therefore, in this case is one of evidence. The rule that parol evidence will not be heard to contradict, add to, or vary the terms of a written contract is so well settled, and its importance in the administration of justice in both courts of law and equity, so evident, that no citation of authorities is necessary. The rule rests upon the presumption that when parties reduce their contracts to writing, they have inserted every provision by which they intend to be governed. 1 Greenl. Ev. (14th Ed.), sec. 275. When a contract not required to be written is reduced to writing and signed by the parties, and a material part of the agreement is omitted by mistake in drafting the writing, or by fraud in its procurement, parol evidence will be received to supply the unwritten part. But, in order to overcome the presumption above referred to, the complaining party must allege and prove the mistake in the writing, or the fraud in procuring it. The plaintiff fails to aver either mistake, imposition, or fraud, and it follows that the proposed evidence was inadmissible. The special plea in the answer being established, it operates as a bar to the action. *White v. Railroad Co.,* 110 N. C., 456; *Bank v. McElwee,* 104 N. C., 305; *Wright v. Railroad Co.,* 125 N. C., 1.

Affirmed.

FURCHES, J. (dissenting). It is stated in the case on appeal that plaintiff offered to prove that he was told at the time he signed the paper called a "release," that it only applied to the injury received when he stepped in a hole on the platform. This evidence was ruled out, on objection by defendant, and plaintiff excepted. But the learned coun-

sel for plaintiff did not insist on this exception, properly admitting that it was incompetent, except upon the allegation of fraud, and that was not alleged. And, notwithstanding this admission, it is made one of the principal arguments in the opinion of the Court. It is true, that after making this argument, the Court says it was not necessary to do so, as the instrument does not amount to a discharge, without this evidence. If this evidence was incompetent and unnecessary to the decision of the case, why make the argument that the plaintiff offered evidence to prove this fact? It must have had some influence upon the Court in reaching its conclusion that the release was not a discharge, or it would not have been made, as the Court would not wish to influence others by something that had no influence upon the Court. I admit that if it had been alleged that this paper had been procured from the plaintiff by fraud and imposition, and this had been submitted to a jury, this evidence would have been competent. But I submit that it was not competent evidence to be considered by the Court in construing this written instrument. The learned counsel for the plaintiff did not allege or admit that his client was an idiot, lunatic, or *non compos mentis,* nor that he was even a man of weak understanding. And it seems true that he must have been afflicted with some one, at least, of the infirmities, if he did not intend to release the defendant from this liability. If he was not afflicted with at least some of these infirmities, he would not have said, "It being hereby expressly declared to be the intention of this instrument to forever release the said Southern Railway Company and the North Carolina Railroad Company from any and all other claims, demands, or rights of action of every nature originating prior to this date because of any like cause or causes of complaint." The Court seems to lay stress upon the expression "like cause." It construes this expression to mean stepping in a hole in the

platform. It can not give this expression, so construed, such a meaning as this. To give it this meaning, to my mind, is to render it nugatory and senseless, as there is no pretense that plaintiff had stepped into another hole in the platform. It must have meant some other injury—the one complained of—as this is the only other injury he had received, or it meant nothing. It is said in the opinion that it is void for want of consideration. It is true, the consideration is small, but it appears that plaintiff received $40 for signing this paper. This is a consideration, and it is not for us to say whether it is as much as he ought to have received or not. That would be to make a contract for the plaintiff, which we can not do. If fraud had been alleged, and an issue submitted to the jury upon that allegation, the smallness of the amount paid might have been considered as some evidence upon that issue. But it is not a matter that we can consider in putting a construction upon a written contract. In the absence of fraud, it is a sufficient legal consideration, and that is all that we consider. For these reasons, I am of the opinion that the judgment should be affirmed.