AMERICAN REALTY CO. v. CURRAN.

(Circuit Court of Appeals, Second Circuit. April 16, 1919.)

No. 208.

Logs and Logging ⬅8(1)—Contract to Cut Wood—Construction.

A contract by plaintiff to cut as much wood as possible from certain lots of defendant, and deliver the same on the cars at a railroad station named, for a stated price per cord, defendant to furnish him provisions at cost during the work, *held* to require defendant to furnish the necessary cars.

In Error to the District Court of the United States for the District of Vermont.

Action by O. H. Curran against the American Realty Company. Judgment for plaintiff, and defendant brings error. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles Batchelder, of Bethel, Vt., and Edward H. Edgerton, of Rochester, Vt., for plaintiff in error.

Alexander Dunnett, Charles A. Shields, and David S. Conant, all of St. Johnsbury, Vt., for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The defendant in error has recovered for breach of a contract dated June 5, 1917, wherein it was provided that the defendant in error cut and deliver on cars, in peeled and rough 4-foot wood at Rickers' Mills, Vt., as much wood as possible during the season of 1917–1918; further, that the phrase "as much wood as possible" would mean at least 1,500 cords. It was provided that the plaintiff in error furnish food to the defendant in error at cost price, plus the freight, and make advances in moneys from time to time "to enable the party of the first part to carry on his work."

On the day of shipment of each car, a notice stating the initial and number of each car and the contents, together with the original bill of lading, was to be mailed to the plaintiff in error at its office in Portland, Me. It was further provided that a scaler be appointed by the plaintiff in error, whose scale should be final, binding, and conclusive. Payments were to be made at the rate of $7 per cord for peeled wood and $6 for rough wood "delivered on the cars as above provided." The defendant in error entered upon the performance of this work and cut and piled 42.12 cords of peeled pulp wood and 1,889.06 cords of rough pulp. On the 31st of October, 1917, plaintiff in error notified the defendant in error to stop work, which he did, whereupon the plaintiff in error entered the camps of the defendant in error, took possession of the supplies and camp outfits, and gave credit to the defendant in error for $522.75. The defendant in error claims that, had he been permitted to work pursuant to the contract, he would have been able to cut approximately 6,000 cords of wood, and it is for this that he sued. The verdict of the jury awarded him $2,045.83. The recovery is for lost profit which the defendant in error would have earned, had he been permitted to carry out the terms of the contract.

Plaintiff in error claims that under the terms of the contract the duty of procuring cars upon which to load the wood rested on the defendant in error which, as stated by the plaintiff in error, "became important during the trial below, or whether the defendant in error could and would have been able to complete his undertaking, expressed in the contract, and cut and deliver on cars the whole of the 6,000 cords which defendant in error claimed was on the lots." The court charged the jury it was the duty of the plaintiff in error to furnish cars at reasonable times and in reasonable numbers to enable the plaintiff in error to load the wood. · The direction to stop work is conclusively proven.

The only question presented by this appeal is whether the court fell into error in charging that it was the duty of the plaintiff in error to furnish the cars to be loaded. We think the court correctly instructed the jury. The contract is silent as to who was to furnish the cars for this work, but a contract of employment such as this must be construed in the light of the surrounding circumstances which confronted the

contracting parties at the time. Regard must be had for what was usual and necessary in carrying on the business which was contracted to be performed. A construction should not be placed upon the contract which would give an unfair advantage to one party over the other, unless such was their manifest intention when the contract was made. Rock Island R. R. Co. v. Rio Grande, 143 U. S. 596, 12 Sup. Ct. 479, 36 L. Ed. 277.

Bearing in mind the basic rule, which requires the discovery of the intention of the parties so far as possible, or in finding the minds of the contractors and ascertaining the terms of their agreement, the court must view all of the surrounding circumstances and conditions at the time the contract was made. Leschen Rope Co. v. Mayflower, 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A. (N. S.) 1. In the above reference to the contract, it will be seen that the defendant in error made an ordinary contract of employment, whereby he agreed to cut wood on certain lots of the plaintiff in error at a stipulated price per cord.

He was to be provisioned and paid at the price agreed upon. His duty was performed when he cut the wood and hauled and placed it upon the cars. He contracted no further obligation. The place of delivery upon the cars was fixed at Rickers' Mills, Vt., where he cut the wood.

The authorities relied upon by the defendant in error are not in conflict with these views. In O'Brien v. Wilkinson, 117 Wis. 468, 94 N. W. 337, it was expressly stipulated in the contract that the plaintiff had agreed to cut timber, and was to make delivery at a distant station. This required his transporting the lumber to that station, and the court held that from the terms of the contract there was an obligation to obtain the cars necessary to accomplish the result; that is, to make the delivery at the distant station.

In Godkin v. Monahan, 83 Fed. 116, 27 C. C. A. 410, Godkin agreed for a certain price to cut and deliver in the Wisconsin river all the Norway white pine timber suitable for sawlogs standing on a certain section, and these logs so cut were to be banked on the Twin river on or before a fixed date, and later to run into the Wisconsin river. The court held that Godkin was in duty bound to obtain a place on the Twin river on which to bank the logs. There the agreement with Godkin, was that the logs should run into the Wisconsin river, and the bank on the Twin river was merely an incident to heading the logs to the Wisconsin river.

In the case of Meekins v. Newberry, 101 N. C. 17, 7 S. E. 655, the plaintiff agreed to raft logs sold to the defendant for towing by steamer, and to deliver them to the defendant when the latter sent a steamer or vessel to tow them. An offer was made by the plaintiff to introduce parol evidence that the defendant was to furnish him necessary rafting gear for properly rafting the logs, and to excuse his failure to raft the logs as per the written contract because of the failure of the defendant to supply the rafting gear. The court excluded this evidence as tending to vary the terms of the written contract. This authority does not aid the plaintiff in error.

The contract is a simple one of employment, and plaintiff in error breached it, apparently without cause. The District Judge very prop-

erly submitted only the question of damages to the jury. There is no error in the clear instructions given to the jury, and we think the judgment should be affirmed.