UTICA,
Aug. 1828.

ALLISON *vs.* WILKIN, administrator of James.

Allison
v.
Wilkin.

ERROR from the Orange common pleas. Declaration, debt on bond in the penalty of $104,42. The defendant craves oyer of the condition of the bond, and sets it forth; which, after a recital that a judgment had been rendered before a justice in favor of Wilkin against one *Joseph Colwell* for $50 damages and costs, that an appeal had been prosecuted thereon, and that Colwell had conformed in all things required by the statute in such cases, is in the usual form required in appeal bonds. The defendant then pleads *non est factum,* and a general performance. The plaintiff replies, that the defendant prosecuted the appeal, that judgment was rendered in favor of the plaintiff in the common pleas, for $106 damages and $28,81 costs, that Colwell did not pay the same, that a *fieri facias* issued on the judgment which was returned *nulla bona,* &c. and that an order was made by the common pleas, giving the plaintiff leave to prosecute the bond, concluding with a verification and prayer of judgment. The defendant rejoined, that no writ of *capias ad satisfaciendum* had been issued on the judgment on which Colwell might or could have surrendered himself in execution in discharge of the bond, and that the defendant hath at all times been ready and willing to surrender Colwell in execution of the judgment, but that the plaintiff hath neglected and refused to issue a *capias ad satisfaciendum* upon the judgment, concluding with a verification, &c. Demurrer and joinder. Then follows an award of venire, a verdict for the plaintiff on the issue of fact, and judgment for the plaintiff on the demurrer. The cause was submitted on written arguments.

*J. R. Van Duzer,* for plaintiff in error. 1. The declaration is insufficient; there is no profert of letters of administration, though the suit is prosecuted by the plaintiff in the character of an administrator. 2. The bond is a nullity, because not executed by the party appealing. 3. The

In cases of appeal from justices' judgments, whenever there is a recovery in favor of the appellee in the C. P. the condition is absolute to pay the amount of such recovery, provided an execution has been first issued on the judgment, and the same, or any part thereof, be returned unsatisfied. A *fi. fa.* will satisfy the *words* and *intent* of the statute. A *ca. sa.* in such a case, appears not in the contemplation of the statute. The clause in the condition of the bond, "that appellant will surrender his body in execution," applies only to the case where the appeal is not prosecuted with due diligence. If a party wishes to avail himself of any deficiency in an appeal bond, he must shew it specially and at large, or it will not be noticed. The want of *profert* of letters of administration can be taken advantage of only by special demurrer.

plaintiff was bound to issue a *ca. sa.* on which the defendant might have surrendered Colwell, or Colwell surrendered himself in discharge of his bail or surety. This was a condition precedent to his right of recovery against the defendant ; (19 *Johns. R.* 194 ; 4 *Cowen*, 40 ; 4 *Burr.* 2052 ;) and the performance of the condition having been prevented by the omission of the obligee, the obligor is discharged. The clause in the statute, (*Statutes, vol.* 6, *c.* 294, *sec.* 36,) " or that such appellant will surrender his body in execution of the said judgment," and incorporated into the appeal bond, applies as well where a judgment is rendered against the appellant in the common pleas, as where there is a neglect to prosecute the appeal with diligence ; and such is the construction put upon the statute by this court in the case *Ex parte Harrison*, (4 *Cowen*, 64.)

*Benton & Wilkin*, for defendant. 1. The want of profert of letters of administration, could be taken advantage of only by special demurrer. (1 *R. L.* 117.) 2. The court below on the pleadings presented, would not have been authorized to pronounce the bond a nullity, nor will this court do so. The only question arising on the pleadings is, whether the plaintiff was bound to have issued a *ca. sa.* 3. The clause of the bond, that the appellant will surrender his body in execution of the judgment, applies only where there is a neglect to prosecute the appeal. That a *ca. sa.* is not necessary where judgment is rendered in favor of the appellee, is manifest from the 39th section of the statute, which requires a *fi. fa.* and not a *ca. sa.* to be sued out before the prosecution of the bond. A *fi. fa.* must have been intended by the legislature, because the statute speaks of the execution, *or a part thereof*, being returned unsatisfied, which language cannot, with propriety, be used in reference to a *ca. sa.* The proceedings, therefore, were in conformity, not only with the spirit but the letter of the statute.

*By the Court*, WOODWORTH, J. This is a writ of error to the court of common pleas of Orange county. Wilkin declared on a bond alleged to have been executed by Allison,

in the penalty of $104 42. The defendant craved oyer, setting out the condition only, by which it appeared to have been a bond to prosecute an appeal from a judgment rendered before a justice, in favor of Wilkin against J. Colwell, and avering that Colwell had conformed in all things required by the statute. The condition is in the usual form, but the penalty and signatures not being set out, we are not informed whether Colwell, or any other person besides Allison, executed the bond. And here it is proper to observe, that had the bond been executed jointly and severally by Colwell and Allison, the plaintiff in declaring was not bound to take notice of the latter, but might declare in the manner he has done. If the defendant desired to avail himself of any legal consequences arising from the fact that Allison only executed the bond, he ought to have set it out specially and at large, so that the court might be able to take notice of it. After craving oyer in this manner, the defendant plead 1st, *non est factum*, and 2d, general performance. The replication is, that Colwell prosecuted the appeal; that the cause was tried, and such proceedings had that judgment was rendered in favour of Wilkin for $106 damages and $28 81 costs, which Colwell has not paid; that a writ of fieri facias issued on the judgment, directed to the sheriff of Orange, on which the sheriff returned *nulla bona*, &c. ; that after the said return, the court of common pleas ordered that the plaintiff have leave to prosecute the bond.

The rejoinder states that no capias *ad satisfaciendum* issued on the judgment, before the commencement of this suit, on which Colwell might have surrendered in execution, in discharge of the bond, and that Allison has at all times been ready to surrender Colwell in execution on the judgment, but the plaintiff has refused to issue a *ca. sa.* concluding with a verification. The plaintiff demurred, and the defendant joined in demurrer. The record then proceeds to state the trial of the issue in fact, verdict and judgment on the demurrer for plaintiff. The plaintiff in error makes the following points:

1. There is no profert of letters of administration. This is only cause for special demurrer.

2. That the bond was a nullity. I have already observed the omission to set out the bond at large, so that the question argued on this point is not presented by the pleadings. For aught that appears, the bond may have in all things corresponded with the statute.

3. That the plaintiff in error fully complied with the condition. This objection is not well taken. The clause in the condition of the bond, that "the appellant will surrender his body in execution," applies only to the case where the appeal is not prosecuted with due diligence, and the appellant is bound to pay or surrender. Whenever there is a recovery in favor of the appellee in the common pleas, the condition is absolute to pay the amount of such recovery, provided an execution has been first issued on the judgment, and the same, or any part thereof, be returned unsatisfied. A *fi. fa.* will satisfy the *words* of the statute, nor have I any doubt, from the expressions used, the *intent* also. A *ca. sa.* in order to enable the defendant to surrender in such a case, appears to me not in contemplation by the statute.

The judgment in the court below must be affirmed.