*By the Court,

Nelson, J.
The only issue of the fact upon the record, and which was tried by the common pleas, was upon the plea of non est factum, which admitted every material allegation in the declaration, except the execution of the bond. That was proved, and the plaintiff therefore was entitled to recover. Whether the execution had been regularly issued or not was a question that could not be raised under this issue. There were other pleas which presented it, but those come up on demurrer. The judgment therefore must be reversed.
We may as well, however, decide the material question involved in the case, to wit: was the plaintiff bound to issue an execution upon the judgment recovered on appeal, within thirty days after the term in which it was rendered ? The act of 1824, Sess. Laws, 295, § 34, on an appeal, directed a bond to be given in double the amount of the judgment, conditioned, among other things, if judgment should be rendered against the appellant, “ to pay such judgment, including costs of appeal.” 1 Wendell, 153. By the 39th section, the appellee, if he succeeds, may prosecute the bond given to recover the amount of his judgment, provided “ that it shall be the duty of such appellee, upon the recovery of any judgment against the appellant, to sue out an execution thereon ; *626 and if the same or any part thereof shall be returned unsatisfied, then and in that case” he may sue the bond, and not before. By the revised statutes, 2 R. S. 259, § 189, sub. 3, it is required that the condition of the bond shall be, that the appellant will prosecute his suit, &c.; and if judgment be rendered against him, that he will pay the amount of such judgment, including the costs of the appeal with interest, within thirty days after such judgment rendered. The 222d section, p. 363, provides that if the judgment be rendered in favor of the appellee, he shall sue out execution thereon within thirty days after the term when such judgment was rendered, or the sureties in the appeal bond shall be discharged. Upon such execution being returned unsatisfied, in whole or in part, the appellee may sue the bond, and not before. § 223 and 225.
*The condition of the bond under the two statutes is essentially different; and the plaintiff, if entitled to recover at all, must recover according to the condition of the bond executed to him. It was not competent to the legislature to change the obligation to the prejudice of the surety, (and they have not done so,) if they had the power to do so, as it regards the plaintiff. He acquired a right and title to this security for the ultimate payment of his judgment and costs, which is expressly saved to him by the repealing act. 2 R. S. 779, § 5. The execution of the bond before the revised statutes, was an act done and a proceeding had in a cause, which, by the terms of that section, “ shall remain as valid and effectual as if the provision so repealed had remained in force.”
This case falls within the qualification, as to the operation and effect of the revised statutes in regard to rights accrued and suits pending before January 1830, noticed in Rosecrantz v. Sheriff of Rensselaer, 7 Wendell, 465, and is clearly distinguishable from that case and the preceding cases decided on this subject. 6 Wendell, 526. 4 id. 210.
Judgment reversed, and venire de novo to Clinton common pleas.