## W. N. PASS v. MILTON PAYNE ET AL.

APPEAL. *To circuit court.   Dismissal by appellant.   Judgment on bond.*
Where a defendant appeals from the judgment of a justice of the peace to the circuit court, and there dismisses his appeal, the plaintiff is entitled to judgment on the appeal-bond for his debt and the statutory damages and costs.

APPEAL from the Circuit Court of Grenada County.

HON. A. T. ROANE, Judge.

W. N. Pass obtained judgment against Milton Payne for seventy-four dollars and twenty-eight cents in the justice of the peace's court of the first district of Grenada County. Payne appealed to the circuit court, and gave an appeal-bond with Jonathan Payne as surety. In the circuit court the defendant, Payne, asked the court to dismiss his appeal, which was done. Pass, the plaintiff, then moved the court " to correct the judgment heretofore rendered in this cause by inserting therein a judgment on the appeal-bond against the defendant and his surety on said bond for the principal, interest, and costs and statutory damages." The court overruled this motion, and the plaintiff appealed.

*R. Horton,* for the appellant.

The judgment dismissing the appeal was a judgment for Pass, "*plaintiff in the original suit.*" The source whence the dismissal emanates does not determine the character of the judgment to be

rendered. The judgment that we are entitled to is defined in § 2354, Code of 1880, and needs no one to interpret " the handwriting on the wall." See *Conger et al.* v. *Robinson,* 4 S. & M. 228. " A wayfaring man, though a fool, should not err therein." It was the duty of the court to render judgment against Payne and the surety on his bond for the principal of the debt, interest thereon, ten per cent. statutory damages, and costs.

*Slack & Longstreet,* for the appellees.

A party that institutes a suit or prosecutes an appeal has a right to dismiss the proceeding. *Mississippi Central R. R. Co.* v. *Beatty,* 6 George 672. It is a matter of discretion with the court before whom the case is pending as to whether terms will be imposed or not.

The court in the case at bar has decided not to impose any terms, and unless this discretion has been manifestly abused, this court will not disturb its ruling. *Sledge* v. *Obenchain,* 59 Miss. 616.

COOPER, C. J., delivered the opinion of the court.

Where one is sued before a justice of the peace and a judgment is rendered against him, and he appeals from such judgment to the circuit court and there dismisses his appeal, the plaintiff is entitled to a judgment on the appeal-bond for his debt and the statutory damages and costs. By dismissing his appeal the defendant admits the correctness of the judgment appealed from, and on such admission the proper judgment is against the defendant and the sureties on his appeal-bond.

The judgment which should have been entered in the court below will be entered here.

*Judgment reversed.*