## John Davenport, Plff. in Err., *v.* Francis Searfoss.

In taking an appeal from a judgment of a justice of the peace for the wages of labor, it is necessary to give bail absolute—both for the debt and costs. Any misunderstanding of the party who becomes surety, or any misrepresentation even by the justice on the subject of the bail, not brought to the notice of one who becomes the plaintiff in an action to recover against such bail, cannot affect such plaintiff.

(Argued April 9, 1888.  Decided May 7, 1888.)

Cited in Pritchard v. Hughes, 18 Pa. Co. Ct. 335, 8 Kulp, 291.

NOTE.—Upon appeal from a judgment for wages in the cases provided by § 1 of the act of 1872 the bail shall be absolute, "conditioned for the payment of the amount of the debt, interest, and cost that shall be legally recovered in such case against the appellant." Act April 9, 1872, P. L. 47. This act was not repealed by the act of April 20, 1876, P. L. 43. Reed v. Palmer, 27 Pittsb. L. J. N. S. 310.

January Term, 1888, No. 88, E. D., before Gordon, Ch. J.; Paxson, Sterrett, Green, Clark, and Williams, JJ. Error to the Common Pleas of Luzerne County to review a judgment in favor of plaintiff in an action in the nature of a scire facias sur recognizance of bail, February Term, 1886, No. 128. Affirmed.

A. W. Gregory was sued before a justice of the peace by three different plaintiffs. Judgments were entered against him for the amounts claimed by each plaintiff. Two of the claims were for wages for manual labor. The third claim was for work of manual labor, team hire, and money advanced to defendant. A. W. Gregory, the said defendant, appealed the three cases; and John Davenport, the present plaintiff in error, became the bail on such appeals.

At the trial before Woodward, A. L. J., defendant's counsel proposed to prove by the witness on the stand that defendant signed the recognizance in question, on the representations made to him by the justice, Steuben Jenkins, and the defendant, A. W. Gregory, at Esquire Jenkins's office, at the time the bail was signed; that it was not for the debt, but for the costs only in this case; that the other two cases in which he went bail at the same time were labor cases; that in those cases he was liable for the debt as well as for the costs; that under this understanding it was for the costs only he signed the bail.

By the Court: It appears from the transcript in evidence that while a larger portion of the original claim was for the wages of labor, the smaller portion was for matters of a different character. In taking an appeal from a judgment of a justice for the wages of labor, it is necessary to give bail absolute— both for the debt and costs. Any misunderstanding of the party who became surety, or any misrepresentation even by the justice, on the subject of the bail, not brought to the notice of the present plaintiff, could not, in our judgment, affect him in the present action so as to defeat his right to recover against the bail. The objection to this evidence is therefore sustained, the evidence excluded, exception noted and bill sealed for the defendant. [3–5]

The court charged the jury as follows:

This is an action by Thomas Searfoss against John Davenport, in the nature of a scire facias on a recognizance of bail.

In our view of the case it depends entirely upon a question of law. We hold, under the evidence as given here, that the defendant is liable for the amount for which he went bail, and the interest on that amount, and the costs accrued before the justice. These items added together amounted to $316.65. You can look over the statement and see if the interest is correct. If you agree with us in that regard, you can probably agree on your verdict without leaving the box.

Verdict and judgment for plaintiff.

The assignments of error specified, *inter alia:* (3–5) The refusal of defendant's offer; and (6) the instruction to the jury to find for the plaintiff.

*P. H. Campbell* for plaintiff in error.

*H. Hakes* and *C. D. Foster* for defendant in error.

PER CURIAM:
Judgment affirmed.