(22 Misc. Rep. 437.)

## HENNION v. KIPP.

(Rockland County Court. January, 1898.)

1. APPEAL BONDS—CONSTRUCTION—SURETIES.

A surety on an appeal bond from a justice court, binding him in the sum of $100 to pay to appellee the amount of the judgment rendered in the justice court, which was $25 and interest, if judgment be rendered against appellant, is liable only for $25 and interest, though appellee recovers a larger judgment, and the statute requires such a bond to be conditioned on payment of the sum recovered in the appellate court to perfect an appeal.

2. TENDER—PAYMENT INTO COURT.

A tender prior to suit will not preclude a recovery, where there has been no payment into court.

Appeal from justice court.

Action by Henry M. Hennion against David W. Kipp to recover on a bond given on an appeal from a judgment rendered in the justice's court. Judgment for plaintiff.

Richard S. Harvey, for plaintiff.
Wm. Reddy, for defendant.

TOMPKINS, J. This action was brought in the county court to recover on an undertaking executed by the defendant as surety, and given on an appeal to the county court by one John J. Dempsey from a judgment rendered against him in a justice's court in favor of Henry M. Hennion, the plaintiff in that action and the plaintiff in this action. In the notice of the appeal taken by Dempsey, a demand was made for a new trial in the county court, and a trial in that court was accordingly had, resulting in judgment in the plaintiff's favor, and against Dempsey, for $138.57. Execution was issued thereupon against the defendant, and returned unsatisfied, after which this action was brought against the defendant, the surety in said undertaking, to recover the sum of $100, the penal sum mentioned in the undertaking, which reads as follows:

"County of Rockland, Justice's Court, Town of Orangetown.

"Henry M. Hennion against John J. Dempsey, Defendant.

"Whereas, on the 30th day of April, 1896, the above-named plaintiff recovered a judgment in the above-named court before William W. Whyard, Esq., justice, for the sum of twenty-five dollars damages, and five and seventy-five one-hundredths dollars costs, against the above-named defendant, John J. Dempsey; and whereas, the said John J. Dempsey, defendant, feeling aggrieved thereby, intends to appeal therefrom to the county court of Rockland county: Now, therefore, we, the said John J. Dempsey and David W. Kipp, of the town of Orangetown, Rockland county, New York, do jointly and severally bind ourselves to Henry M. Hennion, plaintiff above named, in the sum of one hundred dollars, that we will pay to the said Henry M. Hennion, the above-named plaintiff, the amount of said judgment for damages, with interest from the date thereof, or so much thereof as may remain unsatisfied in case said appeal shall be dismissed, or if judgment shall be rendered against said John J. Dempsey, defendant and appellant in said county court, and execution issued thereon shall be returned wholly or partly unsatisfied."

The execution was returned wholly unsatisfied. The defendant's contention is that in and by the undertaking he only obligated himself

to pay the sum of $25 damages, with interest from the day of the recovery of the judgment in the justice's court.

The question to be determined, therefore, is, what is the meaning of the undertaking, and what construction is to be placed upon it? Its language clearly limits the liability of the surety to the payment of the amount of the judgment rendered in the justice's court, but the plaintiff contends that the purpose and intent of the undertaking and surety was to secure the payment of the judgment that might be recovered on the trial of the action in the county court, to the extent of the sum of $100 named in the undertaking. The plaintiff claims that, inasmuch as the Code of Civil Procedure requires that, to perfect an appeal to the county court, where a new trial is desired, the giving of an undertaking to secure the payment of the judgment that may be rendered in that court is necessary, forces the conclusion that such was the purpose and intention of the parties who executed this undertaking, and that, it having accomplished the purpose for which it was intended, and the defendant and appellant having had the benefit of an appeal and stay of execution, the defendant is now estopped from denying the valid and binding effect of the undertaking to the extent required by law as a requisite to such an appeal and stay. I am not convinced that the doctrine of estoppel is applicable to the defendant, he not being a party to the appeal nor benefited to any extent by the giving of the undertaking. Further, it cannot be said that the plaintiff was induced to do any act, or forego any right, by the act of the defendant in signing the undertaking, because, if it was not in proper form, or sufficient to perfect the appeal and operate as a stay of execution, the plaintiff could have proceeded with his execution, and dismissed the appeal, or compelled a proper undertaking to be given.

In the case of Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399, cited by the counsel for the plaintiff, the appeal was from a judgment in replevin to the general term, and instead of the undertaking conforming to section 1329 of the Code, which provides that, to stay execution, "a written undertaking in a sum fixed by the court below, or a judge thereof, to the effect that the appellant will obey the direction of the appellate court upon the appeal," must be given, the appellant gave an undertaking under section 1327 of the Code, the condition of which was "that if the judgment or order appealed from, or any part thereof, is affirmed, or the appeal is dismissed, he will pay the sum recovered or directed to be paid by the judgment or order, or the part thereof as to which it is affirmed," and in that case it was sought to enforce the undertaking that was given, and the court properly held that the undertaking was not illegal, and that, inasmuch as it had been treated as appropriate and effective for the purpose of a stay, it was founded on a good consideration, and was "enforcible according to its terms." It was not held, however, that it was good for any other purpose, or could be enforced beyond its express terms.

In the leading case of Teall v. Van Wyck, 10 Barb. 376, cited and relied upon by counsel for the plaintiff, the bond was given on an appeal from a judgment of a justice's court to the county court of Albany county, and was in the usual form, except that the words "Albany

Common Pleas," were inserted in the condition, instead of "Albany County Court." In all other respects the bond was complete, and the appeal, in fact, was taken to the Albany county court, the Albany common pleas having been abolished. The error was clearly clerical and unimportant, and did not affect the amount or condition of the bond. The court held:

"When the words of a bond are not sufficiently explicit, or, if literally construed, their meaning would be nonsense, it must be construed with reference to the intention of the parties. In doing this; it is allowable to depart from the letter of the condition, to reject insensible words, and to supply obvious omissions."

In the undertaking now under consideration there are no insensible or meaningless words, and, inasmuch as the undertaking and the conditions thereof explicitly and unequivocally fixed the liability to the extent of the judgment in the justice's court, and in the absence of proof that he intended anything else, I cannot determine that his intention was to do something not mentioned or suggested by any word of the undertaking. While it is true there is no provision in the statute for the giving of such an undertaking, there is nothing to prevent such a one being given, and there is nothing to prevent the plaintiff excepting to its sufficiency, and requiring a new one to be given, or he might have proceeded to enforce the judgment notwithstanding the appeal. The rule is well established that the liabilities of sureties are restricted to the terms of their contract, and forbids an extension thereof by inference or amplification, unless the instrument shows a clear intention on the part of the sureties to accomplish more. Briggs v. Brown, 13 Abb. N. C. 481; McElroy v. Mumford, 128 N. Y. 303, 28 N. E. 502. There is nothing in the instrument in question which shows any intention on the part of the defendant to do more than obligate himself to pay the original judgment. The fact that the respondent treated it as a good and sufficient undertaking, and operative as effecting the appeal, cannot create any liability on the part of the surety to do any more than his written contract called for. Post v. Doremus, 60 N. Y. 371. There is no evidence in the case that the defendant knew that the appeal taken by Dempsey was for a new trial in the county court, or that he knew the purpose for which the undertaking was given. I am convinced that the defendant is only liable in this action for the sum of $25, the amount of the damages awarded in the justice's court, with interest thereon.

It is claimed by the defendant that the plaintiff is not entitled to recover that amount, because defendant made a tender of that amount, which has been refused by the plaintiff. On the trial, the plaintiff admitted that, prior to the commencement of this action, the defendant tendered to the plaintiff, or his attorney, the sum of $25, and lawful interest thereon to the date of the tender. There has been no payment into court of the amount of tender, either before or since the commencement of the action, nor has there been such a tender as will bar the plaintiff's right to recover in this action.

Judgment for the plaintiff in the sum of $25, and interest thereon from the 30th day of April, 1896.