HENRY M. HENNION, Appellant, v. DAVID W. KIPP, Respondent.

*Undertaking on appeal from a justice's judgment — when the surety is only liable for the amount of the justice's judgment and not for the amount of the County Court judgment.*

After the plaintiff in an action in a Justice's Court had recovered a judgment for twenty-five dollars and seventy-five cents, the defendant appealed to the County Court and demanded a new trial, furnishing an undertaking to " pay to the said Henry M. Hennion, the above-named plaintiff, the amount of said judgment for damages, with interest from the date thereof, or so much thereof as may remain unsatisfied, in case said appeal shall be dismissed or if judgment shall be rendered against said John J. Dempsey, defendant and appellant, in said County Court, and an execution issued thereon shall be returned wholly or partly unsatisfied."

On a trial in the County Court the plaintiff recovered a judgment for $138.57, and an execution upon said judgment having been returned unsatisfied, the plaintiff brought the present action upon the undertaking against the surety named therein, who answered, admitting his obligation for the amount of the original judgment and interest, but denied any liability beyond that sum.

*Held,* that, as the undertaking on its face was complete and the liability explicit, and provided only for the payment of the amount of the justice's judgment in the contingencies mentioned therein, it could not be construed to cover the udgment subsequently recovered in the County Court.

APPEAL by the plaintiff, Henry M. Hennion, from a judgment of the County Court of Rockland county, entered in the office of the clerk of the county of Rockland on the 8th day of February, 1898, upon the decision of the court rendered after a trial at a Special Term of said court.

*Richard S. Harvey,* for the appellant.

*William C. Reddy,* for the respondent.

CULLEN, J. :

The plaintiff recovered in a court of a justice of the peace a judgment against one Dempsey for the sum of twenty-five dollars and seventy cents. Dempsey appealed to the County Court, demanding a new trial therein. On that appeal Dempsey and the defendant gave the following undertaking :

" WHEREAS, On the 30th day of April, 1896, the above-named plaintiff recovered a judgment in the above-named court, before W.

W. Whyard, Esq., Justice, for the sum of twenty-five dollars damages and five 75-100 dollars costs, against the above-named defendant, John J. Dempsey;

"And Whereas, The said John J. Dempsey, defendant, feeling aggrieved thereby, intends to appeal therefrom to the County Court of Rockland county.

"*Now, Therefore,* We, said John J. Dempsey and David W. Kipp, of the town of Orangetown, Rockland county, New York, do jointly and severally bind ourselves to Henry M. Hennion, plaintiff above named, in the sum of one hundred dollars, that we will pay to the said Henry M. Hennion, the above-named plaintiff, the amount of said judgment for damages, with interest from the date thereof, or so much thereof as may remain unsatisfied, in case said appeal shall be dismissed, or if judgment shall be rendered against said John J. Dempsey, defendant and appellant, in said County Court, and an execution issued thereon shall be returned wholly or partly unsatisfied.

"Dated at Piermont, New York, *May* 7, 1896."

On the trial in the County Court the plaintiff recovered a judgment for the sum of $138.57. Execution having been issued on the judgment and returned wholly unsatisfied, the plaintiff brought this action to recover of the defendant the penalty of the bond, $100. The defendant answered, admitting his obligation for the amount of the original judgment and interest, which he brought into court, but denying any liability beyond that sum. The County Court rendered judgment for the plaintiff for the amount admitted to be due by the defendant, but the costs of the defendant exceeded the plaintiff's award, and judgment was rendered in his favor for the excess. The defendant's undertaking was doubtless given under section 3050 of the Code of Civil Procedure, to secure a stay of execution on a justice's judgment. By that section it was necessary, to obtain the stay, that the sureties should agree to pay any judgment rendered against the appellant in the County Court. On the faith of the undertaking the plaintiff refrained from issuing execution; and it is doubtless our duty to construe the undertaking so as to secure to the plaintiff the indemnity the statute intended, if the terms of the undertaking permit of such a result. In our opinion, unfortunately, they do not.

The undertaking on its face is complete, and the liability incurred thereby explicit. The obligation assumed by the surety is in express terms to pay the amount of the justice's judgment in either of two contingencies — the first, if the appeal should be dismissed; the second, if judgment should be rendered against the appellant in the County Court. No reference is made to the recovery of a judgment in the County Court, except as a condition upon which the surety became liable to pay the justice's judgment. The case is to be distinguished from *McElroy* v. *Mumford* (128 N. Y. 304). In that case the undertaking recited the recovery of a judgment against the appellant of affirmance for certain costs and the sureties undertook to pay the judgment appealed from. It was held that the judgment appealed from was the whole judgment of affirmance, and that, under sections 1317 and 1327 of the Code, the judgment of affirmance included the judgment for the original recovery, although a new judgment for such recovery could not be entered on the decision of the General Term. But it is impossible to construe the justice's judgment, which the surety agreed to pay, as including the judgment of the court not then in existence, and to be rendered subsequently. The case before us seems to resemble most closely that of *Concordia Savings & Aid Association* v. *Read* (124 N. Y. 189). In the case cited the undertaking was given to stay proceedings on a judgment of foreclosure and sale. It did not comply with the statute. It was held that while the undertaking should be upheld as an agreement between the parties, the words used were to be given their usual and ordinary legal signification, and not to be " extended by implication in aid of a party who, having it within his power to protect himself by requiring a statutory bond, elected to accept something else."

The judgment appealed from must be affirmed, with costs.

All concurred, except BARTLETT, J., absent.

Judgment affirmed, with costs.