**BROWN et al. v. SAVAGE et al.**

No. 9547—Opinion Filed Jan. 20, 1920.

Rehearing Denied April 13, 1920.

(Syllabus by the Court.)

1. **Bonds — Action on—Defenses — Mistake and Fraud.**

Mistake or fraud in the execution of a bond, whereby the obligors executed the bond different from the one intended, is available as a defense only in case the obligee was a party to the fraud or mistake. Mutuality of mistake is a question of fact.

2. **Pleading—Answer—Sufficiency Upon Demurrer.**

A demurrer to an answer because not stating facts sufficient to constitute a defense can be sustained only where the answer contains defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they furnish no defense, and if the facts stated therein entitled the defendant to any relief, a demurrer for want of sufficient facts should be overruled.

Error from District Court, Pittsburg County; W. C. Crow, Assigned Judge.

Action by W. H. Savage and others, partners, doing business under the firm name of W. H. Savage & Sons, against A. C. Brown and another. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Kent V. Gay, for plaintiffs in error.

Wilkinson & Keith, for defendants in error.

JOHNSON, J. This action was brought by the plaintiffs to recover against the defendants upon an appeal bond. The plaintiffs' petition alleged as follows:

"Comes now the plaintiffs and, for cause of action against the defendants, allege and state: (1) That plaintiffs are residents of Pittsburg county, state of Oklahoma, and reside at Blanco, Oklahoma, and are a partnership composed of W. H. Savage, M. T. Savage, and T. H. Savage, doing a mercantile business under the firm name of W. H. Savage & Sons; and that the defendants, A. C. Brown and M. Wallace, reside at Blanco, in Pittsburg county, state of Oklahoma, and that the Tollison Coal Company is a corporation, and that in October, 1913, it was doing a coal mining business at Blanco, Oklahoma. (2) Plaintiffs further say that on the 6th day of October, 1913, there was pending in the justice court at Blanco, Oklahoma, before George F. Creswell, justice of the peace, a suit in which these plaintiffs were plaintiff and the Tollison Coal Company was defendant, and that on the said date plaintiffs obtained a judgment against said defendant, Tollison Coal Company, and that on the same day the defendants executed an appeal bond appealing said cause to the county court of Pittsburg county, state of Oklahoma, in the sum of $250, and that the condition of said bond was that the Tollison Coal Company should prosecute said appeal to effect without unnecessary delay, and if judgment be rendered against it on appeal in the county court, that said Tollison Coal Company should satisfy such judgment and costs and that the defendants, A. C. Brown and M. Wallace, signed said bond as sureties. A copy of said bond is hereto attached, marked 'Exhibit A', and made a part hereof. (3) Plaintiffs further say that on the 8th day of April, 1914, the plaintiffs obtained judgment in said cause pending in the county court against Tollison Coal Company in the sum of $197.85 principal, and $16.85 costs, in the total sum of $214.70, and execution was issued on said judgment on the 23rd day of April, 1914, and placed in the hands of a sheriff on said day, and that said sheriff returned said execution on the 9th day of May, 1914, stating that he was unable to find any property belonging to defendant, Tollison Coal Company, within Pittsburg county, state of Oklahoma. And on said 9th day of May, 1914, the plaintiffs made due demand upon said defendant bondsmen, A. C. Brown and M. Wallace, for the payment of said judgment, and that said defendants, and each of them, have failed and refused to pay said

judgment, or any part thereof. Wherefore, premises considered, plaintiffs pray judgment against the defendants in the sum of $214.70, and all their costs of this suit."

To this petition the defendants filed their answer, alleging as follows:

"Come now A. C. Brown and M. Wallace, defendants herein, and for answer to the petition of plaintiffs filed here allege: (1) That defendants deny each and every allegation in said answer contained, except that which is hereinafter expressly admitted. (2) These defendants admit that on the 6th day of October, 1913, there was pending before George F. Creswell, justice of the peace, at Blanco, Oklahoma, a suit in which the above-named plaintiffs were plaintiffs and the Tollison Coal Company was defendant. (3) These defendants allege that these defendants intervened in said cause, claiming ownership of a car of coal which had been attached by plaintiffs in said suit. That at the time of the trial the said Tollison Coal Company admitted a part of the indebtedness claimed by plaintiff against it, to wit, on open account, and demurred to the balance of plaintiffs' claim, to wit, a claim on a promissory note, which demurrer was sustained; that the said justice of the peace found against plaintiffs [sic] claim of ownership of the attached coal, and it was the intention of these defendants to appeal from such judgment of the justice against their claim of ownership, and pursuant to such intention they filed the appeal bond mentioned and described in plaintiffs' petition, and the plaintiffs herein so understood said intention and bond. But said appeal bond in the form it now appears was drawn and filed by mistake by both the plaintiffs and defendants herein, and it was the intention of both parties that an appeal bond would be drawn and filed that would appeal the question of these defendants' ownership of said coal. (4) That the judgment of the county court was in favor of these defendants and against the plaintiffs on the question of the ownership of said coal. Wherefore, plaintiffs [sic] prays that the court order the reformation of said bond to make it conform to the intention of both parties, and that plaintiff recover nothing herein, and that these defendants have judgment for their costs."

To this answer of the defendants, the plaintiffs interposed a general demurrer, which was by the court sustained, and the defendants elected to stand upon their answer and refused to plead further, whereupon the court rendered a judgment in favor of the plaintiffs for the amount sued for in their petition, to reverse which judgment proceedings in error were regularly commenced in this court by petition with case-made attached, and plaintiffs in error assign as error the action of the trial court in sustaining the demurrer of the plaintiffs to the answer of the defendants, the same being the only question before us for consideration.

The defendants were sureties upon the bond sued upon. They sought in their answer to interpose as a defense mutual mistake of the parties in the execution of the bond, their allegations being, in effect, that these defendants intervened in a certain suit in the justice court wherein plaintiffs were plaintiffs and the coal company was defendant; that the plaintiffs there attached a quantity of coal; that these defendants intervened and claimed the attached coal; that the court decided against their claim and accordingly rendered a judgment against them in favor of the plaintiffs, and also against the defendant coal company; that it was the intention of the defendants to appeal from the judgment against them as to their claim in intervention, and that the plaintiffs so understood such intention, but that the bond in the form that it now appears was drawn and filed by mistake of both parties; that these parties recovered the coal in the county court. So it is apparent that if their contention be true, their legal status would have been materially different, in that in such circumstances the bond should have been executed by them as principals running to the other parties as defendants and beneficiaries, and inasmuch as they prevailed in the county court to recover the coal as alleged, the bond, if given as intended, would have been fully exonerated, and they would have incurred no liability on account thereof.

In 4 C. J. 1256, it is said:

"Mistake or fraud in the execution of a bond, whereby the obligors executed a bond different from the one intended, is available as a defense only in case the obligee was a party to the fraud or mistake. Mutuality of mistake is a question of fact."

The Supreme Court of North Carolina, in the case of Burnett v. Nicholson, 86 N. C. 729, had under consideration the question here presented. The court was sitting in chancery, and the question was presented by motion, and in passing upon the question the court said:

"This motion the defendants resist upon the ground that it was the intention of the parties who signed the undertaking, and those who took it, only to secure to the plaintiffs the costs of the appeal, and that the failure thus to limit their liability in terms was owing to a mistake or inadvertence of the gentleman who prepared the instrument for the signatures. * * * The undertaking, as written, obliges the parties to pay to the appellees all such costs and damages as may be awarded against the appellants on such appeal not exceeding fifty dollars, and also, in case said judgment or any part thereof shall be affirmed, to pay them the amount directed to be paid by the judgment as af-

firmed. The plaintiffs deny that there was any mistake in the instrument, or, if there was any, that they ·participated therein or can be affected thereby. The contention between the parties raises an issue of fact, which as a court we prefer not to try, and certainly not upon mere ex parte affidavits, but would rather submit to a jury, regarding that to be the most appropriate tribunal to determine disputed matters of fact." J. M. McMinn v. P. F. Patton, 92 N. C. 371, to the same effect.

This court, in the case of Leighton v. Crowell, 60 Okla. 219, 159 Pac. 1120, quotes with approval the Supreme Court of California in the case of Irwin v. Backus, 25 Cal. 214, 85 Am. Dec. 125, wherein it was said:

"Sureties may show in defense, when sued upon administrator's bond, for a breach thereof, by the principal in not paying over a sum found due by the probate court and decreed by such court to be paid, that the bond was not made, or that such decree was not made, or that, if made, the same has been obeyed, or that it was obtained by fraud or collusion; but they cannot show that the court has erred in making the decree, or that no assets ever came into the possession of the administrator, although the court has so found and adjudged."

We think it is obvious from an examination of the pleadings, and these authorities, that the court was in error in sustaining such demurrer, and that for that reason the cause must be reversed. This court has uniformly held that where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained thereto. Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Oklahoma, 163 Pac. 276; Blackwell Oil & Gas Co. v. Whitesides, 71 Oklahoma, 174 Pac. 573; Zebold v. Hurst, 65 Oklahoma, 166 Pac. 99; Chupco et al. v. Chapman et al., 76 Oklahoma, 160 Pac. 88; C. E. Sharp Lumber Co. v. Kansas City Ice Co. et al., 42 Okla. 689, 142 Pac. 1016.

The rule is equally well settled that on demurrer to the pleading as defective, in that it does not state facts sufficient to constitute a cause of action or a defense, the pleading must be liberally construed, and all its allegations for the purpose of the demurrer taken as true. And such demurrer can be sustained only when the pleading presents defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they furnish no cause of action whatever. If the facts stated in the pleading entitled the party to any relief, a demurrer for want of sufficient facts should be overruled. Oklahoma Sash & Door Co. v. American Bonding Co., 67 Oklahoma, 170

Pac. 511; Smith-Wogan Hardware Co. v. Moon Buggy Co., 26 Okla. 161, 108 Pac. 1103.

The cause is reversed and remanded, with directions to the trial court to overrule the demurrer.

All the Justices concur.