HOWARD J. ATWATER, Respondent, v. CATHERINE J. LOBER, Appellant.

County Court, Cayuga County, January 23, 1930.

*Gleason & Boyle*, for the appellant.

*Kennard Underwood*, for the respondent.

Mosher, J. This action was brought in the City Court of the city of Auburn to recover on an undertaking executed by the defendant, appellant, as surety and given on an appeal to this court by her son, Edmund L. Lober, from a judgment rendered against him and his father, Joseph W. Lober, in said City Court in favor of Howard J. Atwater, the plaintiff in that action and the plaintiff, respondent, in this action, pursuant to section 151 of the Auburn city charter (Laws of 1920, chap. 438). Each then filed a notice of appeal with demand for a new trial, and an undertaking executed the same day, in the form and manner prescribed by section 434 of the Justice Court Act, and a stipulation was thereafter made by the three parties to said action and their attorneys, upon which the judgment against said Joseph W. Lober was reversed (*Atwater* v. *Lober*, 133 Misc. 652), and an order was granted by this court " that the appeal herein taken from a judgment of the City Court of the City of Auburn, entered on the 31st day of July, 1928, in favor of the plaintiff-respondent and against said defendant-appellants, in the sum of Two Hundred Eighty-two Dollars and Fifty Cents ($282.50), be and the same hereby is dismissed as to Edmund L. Lober, one of the defendant-appellants, and that judgment be entered herein in favor of the plaintiff-respondent and against the said defendant-appellant Edmund L. Lober."

This appellant denies liability under said undertaking because she had no notice of, and did not consent to, said stipulation to dismiss the appeal of her son and to strike out his demand for a new trial, or of any extension of time granted from said appeal, and assigns error because the city judge excluded said notice of appeal and stipulation and judgment roll, and also evidence whether she had notice of or read the same or consented to any extension.

She was not entitled to notice of said stipulation. A *bona fide* agreement between her principal and his adversary that his appeal be dismissed and judgment entered against him does not discharge her as surety. By the execution of the undertaking she conferred upon her principal authority to do everything that was necessary to be done in the case. The condition of the undertaking was sufficiently broad to include whatever judgment might be rendered against the principal on the appeal, whether by agreement or otherwise, and in the absence of proof of fraud or collusion between her principal and his opponent, the stipulation did not have the effect to release her from liability on the appeal bond. (*Howell* v. *Alma Milling Co.*, 36 Neb. 80, 86; 54 N. W. 126; 38 Am. St. Rep. 694; *Gerlach* v. *DuBose*, [Tex. Civ. App.] 210 S. W. 742, 745.) No notice of the judgment, execution or return was required to be given before suit brought. The defendant became liable when the judgment was finally recovered against the appellant, and an execution thereon returned unsatisfied and the return of the sheriff made without collusion or fraud is conclusive. (*Humerton* v. *Hay*, 65 N. Y. 380, 383.) No fraud or collusion was proved here, nor alleged, and by stipulating to dismissal, the appellant admitted the correctness of the judgment appealed from (*Pass* v. *Payne*, 63 Miss. 239) and should not be forced to the expense and trouble of a new trial, which was not required in the undertaking.

She voluntarily consented to become liable upon a contingency which has happened, and for the result of an action of which she had no control and to which she was not a party, and is bound, not because she was a party to the appeal, but by the terms of her undertaking. (*Robinson* v. *Plimpton*, 25 N. Y. 484, 486; *Hennion* v. *Kipp*, 22 Misc. 437, 439; affd., 30 App. Div. 288, and see page 2 of appellant's undertaking, which provided " that if the said appeal is dismissed, or if judgment is rendered against the appellant in the Appellate Court, and an execution issued thereupon is returned, wholly or partly unsatisfied, said surety will pay the amount of said judgment, or the portion thereof remaining unsatisfied, not exceeding the sum of Six hundred Dollars.") The undertaking was statutory and must be construed according to the statute, with

reference to which the parties are presumed to have contracted (*Doolittle* v. *Dininny*, 31 N. Y. 350) and which contains no suggestion of notice to the surety. It is complete on its face, with terms clear and liability explicit (*Hennion* v. *Kipp*, 30 App. Div. 288, 290) and cannot be varied by parol (*House* v. *Walch*, 144 N. Y. 418) or new terms imported into it, by documents not between the same parties (*Catskill Nat. Bank* v. *Dumary*, 206 N. Y. 550; *Marsh* v. *Dodge*, 66 id. 533, 537; *Rogers* v. *Smith*, 47 id. 324), or by private agreements or secret understandings (*Butterfield* v. *Mtn. Ice Co.*, 11 Utah, 194), not participated in by the obligee. (*Davenport* v. *Searfoss*, 10 Penn. Cas. 340; 13 Atl. 956; *Brown* v. *Savage*, 78 Okla. 89; 189 Pac. 168.) There is no room for presumptions in conflict with plain provisions. As it is denominated in the bond, so is the obligation of the surety to respond — no more and no less. There can be no contracting of the liability nor expansion of it beyond the plain letter of the condition. The doctrine of *strictissimi juris* is the canon of construction governing the liability of sureties on bonds. (*Haberer* v. *Hansen*, 148 Ill. App. 83, 85.) The words used are to be given their usual and ordinary legal signification (*Hennion* v. *Kipp, supra*) as in construing other contracts (*Smith* v. *Molleson*, 148 N. Y. 241) to determine the intention of the parties (*McElroy* v. *Mumford*, 128 N. Y. 303) under the circumstances and conditions. (*Richardson* v. *County of Steuben*, 226 N. Y. 13; *Bank of Montreal* v. *Recknagel*, 109 id. 482; *Catskill Nat. Bank* v. *Dumary, supra; Murphy* v. *Hart*, 122 App. Div. 548.)

The intent was to stay proceedings, for which only an undertaking is necessary (*Goodwin* v. *Bunzl*, 102 N. Y. 224), whether a new trial is demanded or not. (Justice Court Act, § 434.) The right to a new trial in the County Court without alleging any error or fraud is a special and unusual privilege given to the appellant and the undertaking required was intended to be as broad as its language would indicate (*Crandell* v. *Bickerd*, 32 Misc. 258) for it restrained the plaintiff from issuing execution. (*Hennion* v. *Kipp, supra.*) The appellant, for whom she was surety, had the benefit of his appeal and of the stay of proceedings as the result of this undertaking, and her liability accrued when he failed to pay on execution (*Maloney* v. *Nelson*, 144 N. Y. 182, 186; *Allison* v. *Wilkin*, 1 Wend. 153, 156) any judgment rendered against him in the County Court. On the faith of the undertaking the plaintiff refrained from issuing execution; and it is our duty to secure to the plaintiff the indemnity the statute intended. (*Hennion* v. *Kipp, supra.*)

I find no evidence of extension of time granted either party.

The appellant excepted to the court's refusal to charge as requested on the law of suretyship, but section 139 of the city charter pro-

vides that "the city judge shall have the powers and be subject to the liabilities (including removal from office) of justices of the peace in towns," and a justice of the peace is not required to charge a jury in an action tried before him. The jury are the judges of both the law and the facts, and it is no error for a justice to refuse to charge the jury. (*People ex rel. Van Sickle* v. *Eldredge*, 3 Hun, 541.) He may leave the whole matter to the jury. (*Delancy* v. *Nagle*, 16 Barb. 96.)

The judgment must be affirmed, with costs.